OPINION
{¶ 1} Defendant-appellant, William L. Ridenour, appeals the decision of the Madison County Court of Common Pleas denying his post-sentencing motion to withdraw his 1978 plea of guilty to kidnapping, felonious assault, aggravated burglary, and escape charges.
 {¶ 2} In 1972, appellant was convicted of murder and sentenced to life in prison. Appellant was serving his life sentence at the London Correctional Institution. In 1977, he escaped from the institution. During the escape, appellant proceeded on foot to the home of Grace and William Moody. Upon forcing entry into the Moodys' home, appellant struck William Moody with a claw hammer. He then tied up the Moodys and stole several of their personal items, including a .22 caliber rifle, identification, money, and the Moodys' automobile.
 {¶ 3} Weeks later, appellant was apprehended in the state of Florida. He was criminally charged for his escape-related offenses, and at a hearing in Madison County on May 12, 1978, appellant pled guilty to two charges of kidnapping, one charge of felonious assault, one charge of aggravated burglary, and one charge of escape. He was convicted and sentenced to an aggregate, concurrent term of 4 to 25 years, to run consecutive to the life sentence he was already serving for his murder conviction in 1972.
 {¶ 4} On September 2, 2003, appellant filed a motion in the trial court to withdraw his guilty pleas entered in 1978. The trial court entered judgment overruling the motion on April 19, 2005, and this appeal followed.[1]
 {¶ 5} On appeal, appellant raises the following three assignments of error:
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING THE APPELLANT'S MOTION TO WITHDRAW PLEAS ABSENT A FULL HEARING ON SAID MOTION."
 {¶ 8} Assignment of Error No. 2:
 {¶ 9} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY INCORRECTLY APPLYING THE LAW TO HIS MOTION."
 {¶ 10} Assignment of Error No. 3:
 {¶ 11} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT MISCONSTRUED THE FACTS IN HIS MOTION."
 {¶ 12} In his first assignment of error, appellant contends the trial abused its discretion by denying his motion to withdraw his guilty pleas without first conducting a hearing. In his second and third assignments of error, appellant contends the trial court misapplied the law and misconstrued the facts of his motion. All three assignments of error are interrelated and raise similar issues of law. Thus, for ease of analysis, we will consider them together.
 {¶ 13} Citing State v. Xie (1992), 62 Ohio St.3d 521, appellant contends that a hearing is ordinarily required to determine whether there is a reasonable and legitimate basis to support the withdraw of a guilty plea.
 {¶ 14} Appellant's reliance on Xie for the proposition that the trial court was required to hold a hearing before ruling on his motion is misplaced. The case before the Xie court concerned a motion to withdraw a plea made prior to sentencing. In that context, the Xie court concluded, a trial court ordinarily must hold a hearing to determine whether there is a reasonable and legitimate basis to withdraw a guilty plea. Unlike the defendant in Xie, appellant filed his motion to withdraw his pleas after sentencing.
 {¶ 15} Furthermore, a hearing is not required on a post-sentence motion to withdraw a plea "if the facts alleged by the defendant, and accepted as true by the court, would not require that the guilty plea be withdrawn." State v. Blatnik
(1984), 17 Ohio App.3d 201, 204. For the reasons that follow, we find that the facts appellant alleged, even if true, would not have required the trial court to grant the motion to withdraw his plea.
 {¶ 16} To begin, a court may set aside a judgment of conviction and permit a defendant to withdraw a guilty plea after imposition of sentence only to correct a manifest injustice. Crim.R. 32.1; State v. Smith (1977), 49 Ohio St.2d 261, 264. The burden of establishing the existence of a manifest injustice is upon the individual seeking vacation of the plea. Id., paragraph one of the syllabus.
 {¶ 17} A post-sentence motion to vacate a guilty plea is addressed to the sound discretion of the trial court, id. at paragraph two of the syllabus, and appellate review of a trial court's denial of a post-sentence motion is limited to determining whether the trial court abused its discretion. Statev. Peterseim (1979), 68 Ohio App.2d 211. For this court to find an abuse of discretion, we must find more than an error of judgment. We must find that the trial court's ruling was "unreasonable, arbitrary, or unconscionable." State v. Adams
(1980), 62 Ohio St.2d 151, 157.
 {¶ 18} When a defendant enters a guilty plea in a criminal case, the plea must be made "knowingly, intelligently, and voluntarily." State v. Engle, 74 Ohio St.3d 525, 527,1996-Ohio-179. A determination of whether a plea was knowing, intelligent, and voluntary is based upon a review of the record.State v. Spates, 64 Ohio St.3d 269, 272, 1992-Ohio-130.
 {¶ 19} After a review of the record, we find that appellant's plea was entered knowingly, intelligently, and voluntarily. The trial court conducted a thorough colloquy to ensure appellant was aware of the nature of the charges and the effects of his plea. With each count, the court explained the charge and described the possible sentence it carried including any applicable fine. The court stated whether the sentence for each charge could be imposed consecutively or concurrently. Throughout the colloquy, appellant repeatedly responded that he understood the trial court's explanations. Thus, we find that appellant has failed to establish the existence of a clear or unjust act that would warrant granting his post-sentence motion to withdraw his guilty plea. Therefore, we overrule appellant's first assignment of error.
 {¶ 20} In his second and third assignments of error, appellant contends the trial court misinterpreted his motion. According to appellant, his motion alleges that the Ohio Adult Parole Authority ("APA") failed to honor his plea agreement with the trial court by refusing to categorize his minimum sentence term in accordance with the plea agreement pursuant to Layne v.Ohio Adult Parole Authority, 97 Ohio St.3d 456, 2002-Ohio-6719.
 {¶ 21} The trial court concluded that "the gravamen of [appellant's] complaint is that the APA changed rules and procedures during his incarceration that retroactively increased his sentence." Relying on State ex rel. Johnson v. Ohio AdultParole Authority, 104 Ohio St.3d 421, 2004-Ohio-6590, the trial court concluded that appellant's motion to withdraw his guilty plea is not the proper remedy to redress such a complaint.
 {¶ 22} We find no error with the trial court's characterization of appellant's motion, and we agree with the trial court's conclusion that a motion to withdraw a guilty plea is not the proper remedy for his complaint. Appellant's second and third assignments of error are overruled.
 {¶ 23} Judgment affirmed.
Walsh, P.J., and Young, J., concur.
[1] For reasons unknown to the trial court, appellant's motion was not presented to the trial court until April 15, 2005.