OPINION
{¶ 1} Defendant-appellant, Stefan Walker, appeals the sentencing decision of the Butler County Court of Common Pleas.
 {¶ 2} Appellant was indicted in May 2005 on one count of cocaine possession, a felony of the first-degree, and one count of obstructing official business. On November 9, 2005, appellant pled guilty to the cocaine possession count in exchange for the state's dismissal of the other count. In December 2005, the trial court sentenced appellant to four years in prison. This appeal follows.
 {¶ 3} In a single assignment of error, appellant argues that the trial court erred by sentencing him to four years in prison. Appellant contends that because it was his understanding he was to be sentenced to three years in prison, the trial court should have either allowed him to withdraw his guilty plea or sentenced him to three years in prison. The record shows that appellant never moved to withdraw his guilty plea.
 {¶ 4} A change of plea hearing was held on November 9, 2005. The trial court addressed appellant directly and stated: "it is my understanding that you are going to enter a plea of guilty this morning to possession of cocaine. It is a felony of the first degree. The maximum penalty the Court could impose is 10 years in prison. * * * And in this particular case, any sentence I give you is a mandatory sentence. Do you understand that?" Appellant replied that he did. The trial court subsequently engaged in a colloquy with appellant as required under Crim.R. 11. Then, before accepting the guilty plea, the court asked appellant if anyone was forcing him to enter the guilty plea or had made any promises in exchange for the guilty plea. Appellant replied "No, sir." A written guilty plea signed by appellant clearly states that the maximum prison term for the offense is ten years, and that "No promises have been made except as part of this plea agreement stated entirely as follows: merge ct 2 [count 2]."
 {¶ 5} At the sentencing hearing, appellant's attorney addressed the trial court in mitigation of sentence and stated: "And he understands he is looking at a minimum of three up to ten years on this offense. And it is going to be hard for him. He understands he does, in fact, have to go to prison." Appellant then spoke directly to the judge but did not object to or comment on his attorney's statement concerning appellant's understanding of the possible sentence range. In fact, it was not until after the trial court sentenced him to four years in prison that appellant, through his attorney, objected to his sentence as follows:
 {¶ 6} "Your Honor, may it please the Court, I just want this note on the record.[1] Mr. Walker is now saying that — and I told him and the Court made it very clear, there wasn't — one point in time [the state] talked about a three-year possibility if he took it. He didn't take it. The Court made it very clear we would have to get a copy of the record to say that there was no deal on the table. That three years was gone at the time we were going to go to trial. He was going to get new counsel. All that was changed. He is saying here now that he didn't understand he was getting four years. That is not the representation anyone has ever made. Four years is what the Court stated could happen. He could have gotten more. Three years is if he had taken the deal initially."
 {¶ 7} The state agreed with the foregoing statements. The trial court then stated: "I made it very clear at the time of accepting the pleas [sic] that there was more I could have imposed. And based upon the facts of the case, I've been very lenient."
 {¶ 8} Appellant was clearly advised at the change of plea hearing and on the written guilty plea that he could be sentenced up to ten years in prison for his charge. Appellant stated that with the exception of the dismissal of the second count, no promises were made to him in exchange for his guilty plea. The record shows that the trial court complied with the requirements of Crim.R. 11 before accepting appellant's guilty plea. SeeState v. Todd, Clermont App. No. CA2003-02-012, 2003-Ohio-6786. At the sentencing hearing, appellant's attorney, speaking on his behalf, told the trial court that appellant understood he could be sentenced between three and ten years in prison. Appellant, age 28 and with one year of college, never objected to that statement, even though he was given the opportunity to and did speak directly to the trial court. It was not until after the trial court actually sentenced him to four years in prison that appellant told the court he thought he was supposed to be sentenced to three years in prison.
 {¶ 9} Appellant does not cite any cases to support his argument that simply because he understood (or misunderstood) he was going to be sentenced to a shorter prison term, and even though he never moved to withdraw his guilty plea, the trial court should have either allowed him to withdraw his plea or sentenced him to three years in prison. There is no evidence in the record that the trial court promised appellant it would sentence him to three years in prison. See State v. Bonnell,
Clermont App. No. CA2001-12-094, 2002-Ohio-5882. Apparently, at some point in time, the state talked about a three-year possible sentence. However, a trial court does not err by imposing a sentence greater than that forming the inducement for the defendant to plead guilty when the trial court forewarns the defendant of the applicable penalties. See State v. Pettiford,
Fayette App. No. CA2001-08-014, 2002-Ohio-1914. Final judgment on acceptance of a plea agreement and sentencing rests with the discretion of the trial court. Id.
 {¶ 10} Upon thoroughly reviewing the record, we find that the trial court did not err by sentencing appellant to four years in prison following his guilty plea to cocaine possession. The assignment of error is overruled.
 {¶ 11} Judgment affirmed.
Powell, P.J., and Walsh, J., concur.
[1] In its appellate brief, the state stated: "Appellant in his argument is stating that he made an oral motion to withdraw his guilty plea after the court announced its sentence. * * * The State is of the opinion that Appellant's statements through his counsel were merely an attempt to get the trial court to reconsider its sentence, and not a motion to withdraw his plea." Although appellant never explicitly argued in his appellate brief that he orally moved to withdraw his guilty plea following his sentence, we can see how, arguably, such argument was impliedly made on appeal. Nonetheless, we agree with the state. We therefore decline to find that appellant moved to withdraw his guilty plea when he made his statements to the trial court through his attorney after he was sentenced.