OPINION
{¶ 1} Sidney Booker was indicted on two third degree felony drug charges, and on one
count of carrying a concealed weapon, a fourth degree felony. The drug charges each carried a one-year firearm specification. Pursuant to plea negotiations, Booker pleaded no contest on January 20, 2006, to one drug charge in return for dismissal of the remaining charges and specifications. Booker agreed that he would receive a two-year mandatory sentence. The court found Booker guilty, referred him for a presentence investigation, and scheduled sentencing for February 24.
 {¶ 2} On February 16, Booker moved to withdraw his no contest plea. The trial court overruled the motion by written decision and order on February 24, prior to sentencing. The court did not conduct a hearing on the motion before overruling it.
 I {¶ 3} Booker assigns error as follows:
 {¶ 4} "A MOTION TO WITHDRAW A PLEA PRIOR TO SENTENCING MUST BE LIBERALLY GRANTED."
 {¶ 5} Becker's motion to withdraw was, and his assignment of error is, premised on the contention that his trial counsel at the time he pleaded guilty — Jimmie Christon — induced him to plead no contest, contrary to his desire not to do so, by falsely representing to him that the trial court would not permit him to call Detective Doyle Burke as a defense witness because Detective Burke was married to the prosecutor assigned to his case, Nicole Burke. This contention was contained in affidavits of Booker, his father, and a friend named Patricia Ivory.
 {¶ 6} The trial court overruled the motion, concluding that Booker's contention that he was misled by a false representation by Attorney Christon was completely refuted by the transcript of the plea proceeding, which the court included en toto in its decision and order denying the motion to withdraw plea.
 {¶ 7} The pertinent portion of that transcript is as follows:
 {¶ 8} "MR. CHRISTON: I want to make a record for one witness that we were going to call is Detective Burke. And I believe the court in chambers had indicated to us that his testimony would be hearsay. We think his testimony is relevant to this particular case because of the information that he had obtained and we think it's relevant to this case and we would ask the court to allow him to testify; however, the court indicated that his testimony would be hearsay.
 {¶ 9} "THE COURT: Yes. To flush this out in a little more detail, Detective Doyle Burke is the spouse of the prosecutor, Nicole Burke and the question presented to the court was that if Detective Burke were subpoenaed by the court to testify, then obviously Nicole Burke could not be the assistant prosecutor when her spouse would be a witness in the case. And so in chambers, counsel presented to me the anticipated testimony of Detective Doyle Burke. And as I indicated I found all of it would seem to be inadmissible hearsay. I don't know whether you can summarize the nature since we're making a record here what it is that he would, as far as you understand, Ms. Burke, would be his testimony.
 {¶ 10} "MS. BURKE: My understanding of his testimony would be that after the events in this case happened, there was a homicide that happened a month later where it is assumed that the occupant, James Carr, that was in this vehicle with Mr. Booker tried to kill Mr. Booker and killed somebody else. And there are some statements that were made either —
 {¶ 11} "THE COURT: He killed somebody else apparently with the intent to kill Mr. Booker?
 {¶ 12} "MS. BURKE: Kill Mr. Booker. Mr. Booker was not present at that homicide. Other people were and I believe those other people made statements to Detective Doyle Burke as to the nature of the homicide, I guess, is the best way to phrase it. I believe that everything that Detective Doyle Burke would testify to would be hearsay from other people. He was not present at the homicide. He was not — he has no statements from the accused suspect in that homicide so it would be all hearsay from potential witnesses, I guess.
 {¶ 13} "MR. CHRISTON: The reason why we think it's relevant is because basically James Carr was the person that was with Sidney Booker and Sidney Booker had told the police officers that James Carr, in fact, had guns and drugs in this particular case. And the motive for James Carr trying to kill Mr. Booker was the fact that Mr. Booker was — that Mr. Booker was going to tell on James Carr and James Carr didn't want that to happen which is why he killed someone else. He believed it was Mr. Booker.
 {¶ 14} "THE COURT: And so the record is completed here. Certainly any admissible evidence of the fact or the allegation that Mr. Carr attempted to kill Mr. Booker because of what Mr. Booker said to the police that Mr. Carr was responsible for possessing firearms or drugs in the car, certainly any admissible evidence of that, you must most certainly, if this case against Mr. Booker were to go to trial, you most certainly would be allowed to present that because that would be relevant but it has to be admissible testimony.
 {¶ 15} "And regarding Detective Doyle Burke, what would he offer? And I'm basing this upon what the prosecutor has told me. Do you disagree with the prosecutor's representation of Detective Doyle Burke?
 {¶ 16} "MR. CHRISTON: No, I don't. No, no, no, I don't.
 {¶ 17} "THE COURT: What he offers is simply repeating to the jury statements that were made to him by other witnesses. This is in conjunction with the homicide case in which Mr. Carr is the defendant but all of that is hearsay. And while you would be permitted to call, if you have any witnesses — the witnesses themselves who made the statements to Detective Burke, that would be inadmissible in this trial against Mr. Burke (sic) you cannot call Detective Burke to repeat to the jury these out-of-court statements of these witnesses because that would be inadmissible hearsay. Does that complete the record?
 {¶ 18} "MR. CHRISTON: Did you want to say something?
 {¶ 19} "MR. BOOKER: Only thing I want to say was I was with my friend, Duane Mitchell, whose car it was that got shot up. I had just got out (sic) the car probably (sic) hour before that happened so somebody had to make a phone call saying I was in the car. They flew past shooting and after the shooting, James Carr called Duane who was driving and told him who he had seen and told him, he said, see, you can't tell on me now, said, snitch on me now because the drugs because I'm dead, the caine is dead. Duane told him, you didn't kill "C" off. He just got out (sic) the car about a (sic) hour ago. And James got to try and apologize. That's when he received a call from Detective Burke and they was (sic) trying to put me in protective custody and stuff to protect me from James.
 {¶ 20} "MR. CHRISTON: That was, in essence — we would bring Duane in and then bring Detective Burke in but you had indicated that Detective Burke, it would be hearsay.
 {¶ 21} "THE COURT: He would be hearsay.
 {¶ 22} "MR. CHRISTON: We're clear.
 {¶ 23} "THE COURT: Is there any other admissible evidence that would establish that there was this attempt to kill you, Mr. Burke (sic) by Mr. Carr? If this case were to go to trial, I have said that that would be allowed in your trial as long as it's not hearsay. Does that complete the record?
 {¶ 24} "MR. CHRISTON: That completes the record."
 II {¶ 25} Although Booker correctly observes that a presentence motion to withdraw a guilty or no contest plea should be freely and liberally granted, he also acknowledges that there must be a reasonable and legitimate basis for doing so. State v. Xie (1992), 62 Ohio St.3d 521,527.
 {¶ 26} While Booker may have asserted a reasonable and legitimate basis for withdrawing his plea in his motion to withdraw his plea and the memorandum and affidavits in support thereof, it is clear from the above-quoted transcript that the trial court's reason for telling Attorney Christon that Detective Burke couldn't testify was because Detective Burke's testimony would have been inadmissable hearsay and not because Detective Burke and the prosecutor were married. The trial court found, and reasonably so, that Attorney Christon accurately informed Booker of the court's ruling as to why Detective Burke could not testify. The transcript of the plea proceeding, and the reasonable inferences to be drawn therefrom, thus demonstrated there was no reasonable and legitimate basis for withdrawing the no contest plea.
 {¶ 27} Booker appears to argue that he was entitled to a hearing on the motion but we have held on several occasions that a hearing is unnecessary where it is clear from the record that a denial of the motion is warranted. State of Ohio v. Juliette Hoffman (Nov. 17, 2006), Miami App. No. 2006 CA 19; State of Ohio v. Jesus D. Casas (June 20, 2003), Montgomery App. No. 19049, 2003 Ohio 3237; State of Ohio v. JamesEllis Plemons (Mar. 31, 2006), Montgomery App. No. 21039,2006 Ohio 1608. For the above-stated reason, we conclude that this is such a case.
 {¶ 28} Booker argues that the trial court's findings that the transcript refutes Booker's affidavits is erroneous. We disagree. If Attorney Christon acknowledged at the plea proceeding his understanding of the trial court's previous explanation in chambers as to why Detective Burke couldn't testify, it is reasonably inferable that this is the explanation he conveyed to Booker and his other affiants.
 {¶ 29} Booker also faults the trial court for even discussing evidentiary pretrial issues in chambers with Attorney Christon, suggesting the discussion was to discourage Booker from calling Burke. We do not know how the issue of Detective Burke's possible testimony came up in chambers. We do know that trial judges do, in discussions with counsel about pending cases, offer informal impressions about the admissibility of evidence. Their doing so is part of the grease that keeps the wheels of justice turning. There is no basis in this record to suggest that the trial judge said Detective Burke's testimony would be hearsay in order to keep Prosecutor Burke on the case.
 III {¶ 30} We find no abuse of discretion in the court's overruling the motion to withdraw the no contest plea. The assignment of error is overruled and the judgment will be affirmed.
FAIN, J. and DONOVAN, J., concur.