OPINION
{¶ 1} Defendant-appellant, Lee E. Taylor, appeals his conviction and sentence from the Madison County Court of Common Pleas for rape, aggravated burglary, and kidnapping. We affirm appellant's conviction and sentence.
 {¶ 2} On March 16, 2007, the Madison County Grand Jury returned an indictment against appellant, charging him with rape, aggravated burglary, and kidnapping, each arising *Page 2 
out of events that occurred on May 22, 1999. On August 28, 2007, appellant pled guilty to all three charges.
 {¶ 3} On November 16, 2007, following a pre-sentence investigation, the trial court sentenced appellant to an aggregate of 20 years in prison, ten years for the rape charge to be served consecutively with ten years for the aggravated burglary charge. The court also sentenced appellant to five years mandatory post-release control and classified him as a sexual predator. After the trial court denied appellant's motion to withdraw his guilty pleas appellant timely appealed, asserting eight assignments of error.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEAS BECAUSE THE APPELLANT RELIED ON THE REPRESENTATIONS OF THE TRIAL COURT AND THE STATE TO HIS DETRIMENT."
 {¶ 6} Assignment of Error No. 2:
 {¶ 7} "THE TRIAL COURT ERRED IN DENYING APPELLANT A HEARING ON HIS POST-SENTENCE MOTION TO WITHDRAW HIS GUILTY PLEAS."
 {¶ 8} Assignment of Error No. 3:
 {¶ 9} "THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEAS WHEN IT DECIDED THE APPELLANT'S MOTION WITHOUT GIVING THE APPELLANT SUFFICIENT TIME TO RESPOND TO THE STATE'S MEMORANDUM CONTRA APPELLANT'S MOTION."
 {¶ 10} Appellant's first three assignments of error regarding the trial court's denial of his motion to withdraw his guilty pleas are interrelated and will be considered concurrently. On November 20, 2007, appellant filed a motion to withdraw his guilty pleas. The trial court denied his motion on December 26, 2007, without a hearing on the matter. Appellant claims *Page 3 
the trial court erred in denying his motion because (1) the court needs to correct a manifest injustice committed at sentencing, (2) the trial court failed to conduct a hearing on the matter, and (3) the trial court did not provide appellant with sufficient time to reply to the state's memorandum contra prior to issuing its decision.
 {¶ 11} A trial court has sound discretion in determining the good faith, credibility, and weight of a movant's assertions in support of a Crim. R. 32.1 motion. State v. Smith (1977),49 Ohio St.2d 261, paragraph two of the syllabus. Thus, we review a trial court's denial of a motion to withdraw a guilty plea for an abuse of discretion, and we reverse that denial only if it is unreasonable, arbitrary, or unconscionable. State v. Brown,167 Ohio App.3d 239, 2006-Ohio-3266, ¶ 6.
 {¶ 12} Crim. R. 32.1 provides that a trial court may grant a defendant's post-sentence motion to withdraw a guilty plea only to correct manifest injustice. Therefore, "[a] defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice."Smith, at paragraph one of the syllabus. In general, manifest injustice relates to a "fundamental flaw in the proceedings" that results in "a miscarriage of justice or is inconsistent with the demands of due process." Brown at ¶ 5, citations omitted. A post-sentence withdrawal motion will only be allowed in extraordinary cases. Smith at 264.
 {¶ 13} Appellant first argues the trial court committed a manifest injustice when it sentenced him to serve consecutive terms in prison. He asserts the trial court deviated from its presentencing representations, made off the record, that it would agree to imposing concurrent sentences as part of the plea bargain. Appellant claims he was induced to plead guilty and he would not have agreed to the plea had he known he would be sentenced to consecutive terms.
 {¶ 14} The record, however, demonstrates otherwise. At the plea hearing, the *Page 4 
following conversation regarding the terms of the plea occurred:
 {¶ 15} "THE COURT: Mr. Taylor, you have tendered written guilty pleas to all three charges under the charges as I have read them to you this morning. Is that your plea?
 {¶ 16} "APPELLANT: Yes, sir.
 {¶ 17} "THE COURT: Counsel, there have been discussions apparently between you regarding these pleas and potential resolution on the State of Ohio.
 {¶ 18} "PROSECUTOR: Thank you. Your Honor, as part of the plea negotiations in exchange for [appellant] entering guilty pleas to each of the three counts of the indictment, the state is recommending that the three counts run concurrently to each other. We are deferring to a pre-sentence investigation as to what that sentence should be. Mr. Miller and I had discussions regarding the possibility of [appellant] getting concurrent sentences with these cases to a [parole] violation he is currently serving. I indicated that would not be a part of the state's agreement. * * *"
 {¶ 19} Later, the trial court explained to appellant the potential sentences he faced as a result of pleading guilty:
 {¶ 20} "THE COURT: Mr. Taylor, the range of sentence on each offense is three to ten years with the minimum being three years and the maximum penalty of ten years on each count. You understand that a maximum sentence of ten years may be imposed. There is a $20,000 fine with respect to each count.
 {¶ 21} "If the sentences run consecutively, again, you would be imposed with a $60,000 fine.
 {¶ 22} "There is a mandatory post release control of five years. Then when you have served your sentence you will be under the supervision of the State of Ohio for five years.
 {¶ 23} "If you violate the terms of release, you could receive one half of whatever sentence I impose and go back to the penitentiary. *Page 5 
 {¶ 24} "Do you understand?
 {¶ 25} "APPELLANT: Yes."
 {¶ 26} The trial court also explained to appellant that it was not bound by the prosecutor's recommendation:
 {¶ 27} "THE COURT: Other than what has been said in the courtroom that the state is recommending concurrent sentencing, I must tell you I am not bound by the recommendations of these statements.
 {¶ 28} "I will conduct a pre-sentence investigation, review that, and determine the appropriate sentence.
 {¶ 29} "You understand that the recommendations the state is making, I am not bound by it?
 {¶ 30} "APPELLANT: Yes, sir.
 {¶ 31} "THE COURT: Other than what has been said and my explanation in that regard, have any offers, promises, threats, or representations been made to get you to enter pleas of guilty today?
 {¶ 32} "APPELLANT: No."
 {¶ 33} Although appellant cites to case law involving a breach of a plea agreement and appropriate remedies, appellant has failed to point to any alleged breach of the plea agreement in the record. The state recommended concurrent sentences, as promised, and the court informed appellant of the possible sentences for each count and that it was not bound by the recommendations. A trial court does not err by imposing a sentence greater than that forming the inducement for appellant to plead guilty when the court forewarns appellant of the applicable penalties. State v. Walker, Butler App. No. CA2005-12-519, 2006-Ohio-5197, ¶ 9. Therefore, appellant has failed to establish a manifest injustice warranting the withdrawal of his guilty pleas. *Page 6 
 {¶ 34} Appellant also argues the trial court erred in denying him a hearing on his post-sentence motion to withdraw his guilty pleas. A trial court, however, need not hold an evidentiary hearing on a post-sentence motion to withdraw a guilty plea where the record indicates the movant is not entitled to relief. State v. Mays,174 Ohio App.3d 681, 2008-Ohio-128, ¶ 6. See also State v.Booker, Montgomery App. No. 21496, 2007-Ohio-430, ¶ 27; State v.Ridenour, Madison App. No. CA2005-05-017, 2006-Ohio-500, ¶ 15-19. As discussed above, the facts, as alleged by appellant, are directly contradicted by the record. The record demonstrates appellant could not establish the trial court committed a manifest injustice warranting the withdrawal of his guilty pleas. Therefore, the trial court did not err in denying his motion without holding an evidentiary hearing.
 {¶ 35} Finally, appellant argues the trial court erred in denying his motion to withdraw his guilty pleas prematurely, without giving appellant sufficient time to respond to the state's memorandum contra. Appellant insists that Loc. R. V, Section I, which provides that motions in civil cases shall be decided on the filings 14 days or more after the service on the opposing party, should be applied to his case pursuant to Crim. R. 57(B). He asserts the court entered its decision only five days after service of the state's memorandum contra on appellant.
 {¶ 36} As appellant concedes, there is no local rule regarding a criminal defendant's right to respond to the state's memorandum contra to appellant's post-sentence motion to withdraw his guilty pleas. Even if this court were to construe the local civil rule to include criminal post-sentence motions to withdraw guilty pleas, the failure of the court to provide him with 14 days to respond would, at the most, constitute harmless error. See Crim. R. 52(A); State v. Perry,101 Ohio St.3d 118, 2004-Ohio-297, ¶ 15. As demonstrated, there would have been no response that could have further advanced appellant's claims. The facts upon which appellant relied to support his argument that he suffered a manifest injustice during the plea hearing were contradicted by the record. Thus, the outcome would not have been different *Page 7 
had appellant been given additional time to respond to the state's memorandum contra. See State v. Akemon,173 Ohio App.3d 709, 2007-Ohio-6217, ¶ 11. Accordingly, we overrule appellant's first three assignments of error.
 {¶ 37} Assignment of Error No. 4:
 {¶ 38} "THE TRIAL COURT ERRED IN FAILING TO NOTIFY APPELLANT OF THE MAXIMUM PENALTIES FOR EACH OF HIS OFFENSES WHEN THE TRIAL COURT ACCEPTED THE APPELLANT'S GUILTY PLEAS AND THUS HIS PLEAS ARE VOID."
 {¶ 39} Assignment of Error No. 5:
 {¶ 40} "THE TRIAL COURT ERRED IN FAILING TO NOTIFY THE APPELLANT OF POST-RELEASE CONTROL FOR EACH OF HIS OFFENSES."
 {¶ 41} Appellant's fourth and fifth assignments of error, regarding his pleas of guilty and the trial court's colloquy at the plea hearing, are related and will be considered concurrently. Appellant claims the court violated Crim. R. 11(C)(2) by accepting his guilty plea without first personally informing him of the maximum penalties involved and of the consequences of the Adam Walsh Act registration requirements that were to become effective January 1, 2008. He argues he would not have entered guilty pleas had he understood the sentencing and registration consequences of his pleas. Appellant also asserts the trial court failed to adequately notify him of a mandatory term of postrelease control as to each sentence during the plea colloquy.
 {¶ 42} Crim. R. 11(C)(2), which provides the procedure a trial court must follow when accepting a guilty plea in a felony case, states:
 {¶ 43} "In felony cases the court may refuse to accept a plea of guilty * * * and shall not accept a plea of guilty * * * without first addressing the defendant personally and doing all of the following:
 {¶ 44} "(a) Determining that the defendant is making the plea voluntarily, with *Page 8 
understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 45} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty * * * and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 46} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him * * *, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself * * *."
 {¶ 47} A trial court must strictly comply with the provisions of Crim. R. 11 that relate to constitutional rights. State v. Todd, Clermont App. No. CA2003-02-012, ¶ 11, citing State v.Ballard (1981), 66 Ohio St.2d 473, paragraph two of the syllabus. Even though the trial court is not required to quote the specific language provided in the statute, the record must indicate the court explained these rights in a manner reasonably intelligible to the defendant. Id. The trial court, however, need only substantially comply with the requirements of Crim. R. 11 that involve the waiver of non-constitutional rights. Id., citing State v. O'Connor, Butler App. No. CA2001-08-195, 2002-Ohio-4122. For a court to substantially comply with Crim. R. 11, under the totality of the circumstances, the court must determine that the defendant subjectively understands the implications of his plea and the rights he is waiving. State v.Nero (1990), 56 Ohio St.3d 106, 108; State v. Clark,119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 31.
 {¶ 48} After thoroughly reviewing the entire record, we find the trial court complied with the requirements of Crim. R. 11 before accepting appellant's pleas of guilty. During the plea hearing, the trial court first informed appellant of the charges against him and then explained, *Page 9 
as quoted above, the maximum penalties "on each count." The court also made it clear that it is not bound by the state's sentencing recommendations. The court then explained to appellant the following regarding his post-release control:
 {¶ 49} "THE COURT: There is a mandatory post-release control of five years. Then when you have served your sentence you will be under the supervision of the State of Ohio for five years.
 {¶ 50} "If you violate the terms of release, you could receive one half of whatever sentence I impose and go back to the penitentiary.
 {¶ 51} "Do you understand?
 {¶ 52} "APPELLANT: Yes."
 {¶ 53} The trial court later explained to appellant the consequences of pleading guilty to a sexually oriented offense:
 {¶ 54} "THE COURT: Because of the nature of the offenses you could be classified as a sexually oriented offender. You could be classified as a sexual predator. That hearing has to be deferred until sentencing so evidence can be presented and I can make a determination.
 {¶ 55} "In the meantime, there is what is called Adam Walsh, which comes into effect January 1st, and that changes the classification. But under any circumstance, there would be reporting requirements and registration requirements upon release from the institution under present law and under the law as it will change effective January 1st."
 {¶ 56} Following that explanation, the court informed appellant of his rights as provided in Crim. R. 11(C)(2)(c) and asked appellant whether he chose to give up those rights and plead guilty, to which appellant responded, "Yes."
 {¶ 57} The record also contains a written waiver and plea signed by appellant and his attorney, which explains the offenses to which appellant pled guilty, states the court could *Page 10 
sentence him to a maximum aggregate prison term of 30 years and order him to pay a maximum aggregate fine of $60,000, provides that appellant understands he faces "post-release supervised control not to exceed five (5) years," and contains a statement that appellant understands the effect of his guilty pleas.
 {¶ 58} Appellant cites no cases in support of his argument that the trial court failed to adequately notify him of the maximum penalties he faced and of the potential sexual predator registration and reporting requirements. Further, he fails to cite to any case or make any argument as to why the trial court's notice of the imposition a five-year mandatory post-release control was inadequate. Under the totality of the circumstances, we find the trial court did not err in determining appellant voluntarily and intelligently entered his guilty pleas. Appellant's responses in the plea hearing and his signature on the written waiver and plea prove that he had full knowledge of the consequences of his guilty pleas. See State v.Walker, Butler App. No. CA2005-12-519, 2006-Ohio-5197, ¶ 8-11;State v. Pakunlniewicz, Mahoning App. No. 05-MA-58, 2006-Ohio-5654, ¶ 17-18. Accordingly, appellant's fourth and fifth assignments of error are overruled.
 {¶ 59} Assignment of Error No. 6:
 {¶ 60} "THE TRIAL COURT ERRED IN FAILING TO MERGE THE AGGRAVATED BURGLARY AND RAPE CHARGES BECAUSE AGGRAVATED BURGLARY AND RAPE ARE ALLIED OFFENSES OF SIMILAR IMPORT WHEN THE SAME CONDUCT IS INVOLVED IN BOTH OFFENSES."
 {¶ 61} Appellant argues the trial court erred in sentencing him on both the aggravated burglary and rape charges because the offenses should have been merged, as each of the offenses occurred as a result of the same conduct.
 {¶ 62} Appellant was charged with and pled guilty to rape, aggravated burglary, and kidnapping. As a result of the presentence investigation, the trial court merged the kidnapping *Page 11 
and rape charges, finding they arose out of the same animus. The trial court, however, found no similar animus between the offenses of aggravated burglary and rape and sentenced appellant on both charges.
 {¶ 63} As this court has previously held, aggravated burglary and rape are not allied offenses of similar import. State v.Lamberson (Mar. 19, 2001), Madison App. No. CA2000-04-012, 2001 WL 273806, *16. Aggravated burglary requires trespass in an occupied structure by force, stealth or deception where the offender inflicts or attempts to inflict physical harm. By contrast, rape requires sexual conduct brought about by force. Because each requires proof of an element the other does not, they are not allied offenses of similar import. Id. Furthermore, the crime of burglary is completed when a defendant enters the premises by force, stealth or deception, with the intent to commit a felony. State v.Frazier (1 979), 58 Ohio St.2d 253, 255. But where the intended felony is actually committed, a new crime arises for which a defendant may be convicted. Id. Because appellant can be convicted and sentenced for both aggravated burglary and rape, his sixth assignment of error is overruled.
 {¶ 64} Assignment of Error No. 7:
 {¶ 65} "THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT BASED UPON A FINDING OF FACTORS NOT FOUND BY A JURY OR ADMITTED BY THE APPELLANT IN VIOLATION OF THE APPELLANT'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO TRIAL BY JURY."
 {¶ 66} Appellant argues the list of statutory factors contained in R.C. 2929.12 are unconstitutional because they require judges to make findings neither found by a jury nor admitted by an accused. Specifically, appellant argues the trial court erred when it made specific findings not found by a jury beyond a reasonable doubt, determined appellant's offenses were more serious because of these findings, and sentenced him to the maximum of 20 years in prison. *Page 12 
 {¶ 67} In reviewing felony sentences, an appellate court must (1) examine the trial court's compliance with all applicable rules and statutes in imposing the sentence to determine whether it is clearly and convincingly contrary to law, and (2) review the term of imprisonment for abuse of discretion. State v.Kalish, 120 Ohio St.3d 23, 2008-Ohio-4912, ¶ 26.
 {¶ 68} Although appellant argues R.C. 2929.12 requires the trial court to make findings regarding the seriousness of the conduct and likelihood of appellant's recidivism, the statute only requires the court to consider the factors set forth in the statute and any other factors relevant to achieving the purposes and principles of sentencing. As the Ohio Supreme Court has held, R.C. 2929.12 is not a fact finding statute, but instead serves "as an overarching guide for trial judges to consider in fashioning an appropriate sentence." State v.Kalish, at ¶ 17. When a trial court exercises its "discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, ¶ 91.
 {¶ 69} In this case, the trial court selected a specific sentence within the statutory range, and such sentence was not contrary to law. The court was not required to make findings or give its reasons for imposing the maximum sentence for each crime appellant admitted to committing, and appellant is not entitled to a jury determination of the facts the court deemed relevant to each factor it considered. Furthermore, the court gave careful deliberation to the relevant statutory considerations and nothing in the record suggests the court abused its discretion in sentencing appellant accordingly. SeeKalish at ¶ 20. Appellant's seventh assignment of error is without merit and is overruled.
 {¶ 70} Assignment of Error No. 8:
 {¶ 71} "THE TRIAL COURT ERRED AND VIOLATED APPELLANT'S DUE PROCESS RIGHTS UNDER BOTH THE STATE AND FEDERAL CONSTITUTIONS WHEN IT *Page 13 
SENTENCED THE APPELLANT TO SERVE MAXIMUM AND CONSECUTIVE PRISON TERMS."
 {¶ 72} Appellant argues the Ohio Supreme Court's severance remedy in Foster is unconstitutional. As an appellate court inferior to the Ohio Supreme Court, "we are required to follow its mandates; we lack the jurisdictional power to declare unconstitutional a mandate of the Supreme Court of Ohio." State v. Jefferson, Montgomery App. No. 21671, 2007-Ohio-3583, ¶ 9; State v. Sells, Miami App. No. 2006 CA 27, 2007-Ohio-4213, ¶ 14. See, also, Section 3(B)(2), Article IV, Ohio Constitution. Because we lack jurisdiction to consider the constitutionality of Foster, appellant's eighth assignment of error is overruled.
 {¶ 73} Judgment affirmed.
Walsh, P.J., and Powell, J., concur. *Page 1