[Cite as *State v. Hopkins*, 2013-Ohio-3674.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


STATE OF OHIO,                                          :

    Plaintiff-Appellee                           :          CASE NO.   CA2012-12-246

                                            :          O P I N I O N
    - vs -                                                                       8/26/2013

                                            :

CARLOS A. HOPKINS,                              :

    Defendant-Appellant.                       :


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2004-01-0162


Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Carlos A. Hopkins, #A465-965, London Correctional Institution, P.O. Box 69, London, Ohio 43140, defendant-appellant, pro se


**RINGLAND, J.**

{¶ 1}   Defendant-appellant, Carlos A. Hopkins, appeals pro se from a decision of the Butler County Court of Common Pleas denying his "Motion to Withdraw Plea and/or Relief from Judgment."  For the reasons set forth below, we affirm the decision of the trial court.

{¶ 2}   In 2004, appellant was arrested and charged by way of a bill of information with one count of rape in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree, and one

count of gross sexual imposition in violation of R.C. 2907.05(A)(4), a felony of the third degree. The rape charge involved appellant's act of having vaginal intercourse with his seven-year-old daughter. The gross sexual imposition charge involved appellant's action of causing his seven-year-old daughter to masturbate his penis with her hands after the vaginal intercourse was completed. A plea agreement was reached between the state and appellant wherein the parties jointly recommended that appellant receive a ten-year sentence on the rape charge to run consecutive to a five-year sentence on the gross sexual imposition charge. Therefore, in February 2004, appellant pled guilty to the charges against him and was sentenced to serve a total of 15 years in prison.

{¶ 3} Appellant did not directly appeal his convictions and sentence. Rather, eight years later, on October 2, 2012, appellant filed a motion to withdraw his guilty pleas and/or be granted relief from judgment on the basis that appellant's two convictions should have been merged. Essentially, appellant argued that the rape and gross sexual imposition charges were allied offenses of similar import which should have been merged, providing appellant with only a ten-year prison sentence.

{¶ 4} On November 6, 2012, the trial court denied appellant's motion to withdraw his guilty pleas and/or be granted relief from judgment. The trial court found that appellant's argument was barred by the doctrine of res judicata and that appellant's convictions did not constitute allied offenses of similar import.

{¶ 5} Appellant now appeals from the trial court's decision, raising as his sole assignment of error, the following:

{¶ 6} THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FAILING TO GRANT LEAVE TO WITHDRAW THE GUILTY PLEA[S] IN THIS CASE, OR IN THE ALTERNATIVE, TO CORRECT THE SENTENCE.

{¶ 7} In his sole assignment of error, appellant argues the trial court erred to his

prejudice in sentencing him on both the rape charge and the gross sexual imposition charge, claiming that the two are allied offenses of similar import pursuant to R.C. 2941.25. Appellant does not seek to disturb the underlying pleas of guilty, but rather challenges the sentencing of the trial court.

{¶ 8} "Crim.R. 32.1 provides that a trial court may grant a defendant's postsentence motion to withdraw a guilty plea only to correct manifest injustice, and a defendant seeking to withdraw a plea after the imposition of sentence has the burden of establishing the existence of manifest injustice." *State v. Carter*, 12th Dist. Clinton Nos. CA2010-07-012, CA2010-08-016, 2011-Ohio-414, ¶ 115, citing Crim.R. 32.1; *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph one of the syllabus.

{¶ 9} In general, "manifest injustice relates to a 'fundamental flaw in the proceedings' that results in a miscarriage of justice or is inconsistent with the demands of due process." *State v. Williams*, 12th Dist. Warren No. CA2009-03-032, 2009-Ohio-6240, ¶ 11, quoting *State v. Taylor*, 12th Dist. Madison No. CA2007-12-037, 2009-Ohio-924, ¶ 12. "'Manifest injustice' is an extremely high standard, which permits a defendant to withdraw his guilty plea only in extraordinary cases." *State v. Layne*, 4th Dist. Highland No. 11CA17, 2012-Ohio-1627, ¶ 4, citing *Smith* at 264; *Williams* at ¶ 11. "The requirement of demonstrating a manifest injustice is designed to discourage a defendant from pleading guilty to test the weight of the potential reprisal, and later attempting to withdraw the plea if the sentence was unexpectedly severe." *Williams* at ¶ 12. "[A]n undue delay between the occurrence of the alleged cause for withdrawal and the filing of the motion is a factor adversely affecting the credibility of the movant and militating against the grant of the motion." *Smith* at paragraph three of the syllabus.

{¶ 10} The decision to grant or deny a Crim.R. 32.1 motion is within the trial court's discretion. *Carter* at ¶ 16. Therefore, we will not reverse the trial court's decision absent an

abuse of discretion. *Layne* at ¶ 4. Furthermore, "the good faith, credibility and weight of the defendant's assertions in support of the motion are matters to be resolved by [the trial] court." *Carter* at ¶ 16, citing *Smith* at paragraph two of the syllabus; *Williams* at ¶ 13.

{¶ 11} Here, appellant filed a postsentence motion to withdraw his guilty pleas asserting that the trial court must permit him to withdraw his guilty pleas in order to correct a manifest injustice, namely that his sentence was contrary to law in that he was ordered to serve consecutive sentences for allied offenses of similar import. Specifically, appellant argues that his charges for rape and gross sexual imposition should have been merged by the trial court and that trial counsel "should have objected" to the imposition of consecutive sentences and was ineffective in failing to do so. The motion was not filed until eight years after appellant entered his guilty pleas based upon a plea agreement which included a recommendation that appellant be sentenced to 15 years in prison. The state asserts that appellant's argument is barred by the doctrine of res judicata.

{¶ 12} Under the doctrine of res judicata, "a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Dodson*, 12th Dist. Butler No. CA2011-02-034, 2011-Ohio-6347, ¶ 9, citing *Carter*, 2011-Ohio-414 at ¶ 7 and *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. "In turn, the time to challenge a conviction based on allied offenses is through a direct appeal." *Id.*, citing *State v. Woods*, 8th Dist. Cuyahoga No. 96487, 2011-Ohio-5825, ¶ 21.

{¶ 13} Accordingly, because appellant did not raise the issue of whether rape and gross sexual imposition are allied offenses of similar import in a timely direct appeal, his challenge is barred by the doctrine of res judicata. *See id.*; *State v. Jackson*, 12th Dist.

Butler No. CA2011-08-154, 2012-Ohio-993, ¶ 8.

**{¶ 14}** Furthermore, even if res judicata did not apply to bar appellant's allied offense contention, the argument would still fail as, under a pre-*Johnson* analysis, rape and gross sexual imposition are not allied offenses of similar import.[1] *See State v. Thomas*, 12th Dist. Brown No. CA2002-01-001, 2003-Ohio-74, ¶ 14-15 ("Clearly, the commission of the crime of gross sexual imposition will not necessarily result in the commission of a rape").

**{¶ 15}** Based upon the foregoing, we find that the trial court did not err in denying appellant's motion to withdraw his guilty pleas, as appellant failed to demonstrate the existence of a manifest injustice due to the imposition of separate sentences. Therefore, appellant's sole assignment of error is overruled.

**{¶ 16}** Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.

---

1. As appellant's underlying case was closed and there was nothing pending at the time *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, was released by the Ohio Supreme Court, this court must apply the pre-*Johnson* allied offense analysis set forth in *State v. Nicholas*, 66 Ohio St.3d 431, 434 (1993). *See Layne*, 2012-Ohio-1627 at ¶ 9.