[Cite as *State v. Daugherty*, 2014-Ohio-2236.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO.  CA2013-08-063 |
| | : | O P I N I O N<br>5/27/2014 |
| - vs - | : | |
| | : | |
| PAUL DAUGHERTY, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 97CR0365

D. Vincent Faris, Clermont County Prosecuting Attorney, Judith A. Brant, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

Paul Daugherty, #A565228, Chillicothe Correctional Institution, P.O. Box 5500, Chillicothe, Ohio 45601, for defendant-appellant

**S. POWELL, J.**

{¶ 1}   Defendant-appellant, Paul Daugherty, appeals pro se from the decision of the Clermont County Court of Common Pleas denying his post-sentence motion to withdraw his guilty plea.  For the reasons outlined below, we affirm.

{¶ 2}   On April 30, 2007, Daugherty hit and killed Melissa Robbers with his vehicle as he was driving through the parking lot of Hoppy's Bar in Amelia, Clermont County, Ohio.

Daugherty was under the influence of alcohol at the time the accident occurred. On May 2, 2007, Daugherty was indicted on one count of aggravated vehicular homicide, with an included specification due to his prior alcohol-related convictions, as well as two counts of operating a vehicle while under the influence of alcohol (OVI).

{¶ 3} To assist with his defense, Daugherty was represented by attorneys Gary L. Knepp and W. Stephen Haynes. As part of their representation, Knepp and Haynes filed a demand for discovery, a request for a bill of particulars, and a motion to suppress, among others. Knepp and Haynes also entered into plea negotiations with the state. As a result of these plea negotiations, Daugherty ultimately agreed to plead guilty to aggravated vehicular homicide in exchange for the specification and two remaining OVI charges being dismissed. The plea agreement also included an agreed mandatory eight-year prison term. Daugherty subsequently entered his guilty plea on October 3, 2007. As part of his signed guilty plea form, Daugherty explicitly acknowledged that he was satisfied with his attorneys' advice and competence.

{¶ 4} On October 17, 2007, the trial court held a sentencing hearing. According to the judgment entry of agreed sentence, prior to entering its sentencing decision, the trial court considered the principles and purposes of sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors under R.C. 2929.12. In addition, the trial court stated, in pertinent part, the following:

> The Court hereby finds that the prosecution and the defendant have jointly recommended to the Court that the Court impose a mandatory sentence of eight (8) years incarceration in the State penal system; that the defendant acknowledged on the record that such a jointly recommended sentence was not subject to appeal pursuant to O.R.C. Section 2953.08; and that such sentence is authorized by law.

The trial court then accepted the jointly recommended sentence and sentenced Daugherty to the agreed mandatory eight-year prison term.

- 2 -

{¶ 5} On March 11, 2010 and again on November 14, 2011, Daugherty filed for judicial release, both of which the trial court ultimately denied. Daugherty also filed a motion for resentencing, which the trial court also denied. Thereafter, on April 22, 2013, Daugherty filed a motion to withdraw his guilty plea. In support of this motion, Daugherty argued he should be entitled to withdraw his guilty plea because he received ineffective assistance of counsel when one of his trial attorneys, Haynes, failed to disclose his alleged personal and business ties with Robbers' uncle, Ken Foster. Daugherty also alleged Haynes had previously represented Hoppy's Bar, the location of where he struck and killed Robbers with his vehicle. Daugherty, however, did not provide any evidence to support these contentions, nor did he raise any issues in regards to the trial court's decision to accept and impose the agreed mandatory eight-year prison term. As a result, the trial court denied Daugherty's motion to withdraw his guilty plea without a hearing on July 10, 2013.

{¶ 6} Daugherty now appeals from the trial court's decision denying his post-sentence motion to withdraw his guilty plea, raising two assignments of error for review.

{¶ 7} Assignment of Error No. 1:

{¶ 8} WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO APPLY THE PROPER FELONY SENTENCING GUIDELINES.

{¶ 9} In his first assignment of error, Daugherty argues the trial court erred when sentencing him to the agreed eight-year prison term following his guilty plea. Daugherty, however, did not raise this issue with the trial court as part of his post-sentence motion to withdraw his guilty plea. It is well-established that "[w]hen a defendant fails to raise a specific argument in a post-sentence motion to withdraw his plea, he forfeits the issue for purposes of appeal." *State v. Walton*, 4th Dist. Washington No. 13CA9, 2014-Ohio-618, ¶ 14; *see, e.g., State v. Gegia*, 157 Ohio App.3d 112, 2004-Ohio-2124, ¶ 26 (9th Dist.) (finding issue waived for purposes of appeal when appellant did not raise argument as part of his

motion to withdraw guilty plea); *State v. Nathan*, 99 Ohio App.3d 722, 728 (3d Dist.1995) (same). Therefore, because Daugherty did not raise this issue in his post-sentence motion to withdraw his guilty plea, the matter is waived and we need not consider it for the first time on appeal. *State v. McGlosson*, 12th Dist. Butler No. CA2012-03-057, 2013-Ohio-774, ¶ 16; *State v. Guzman-Martinez,* 12th Dist. Warren No. CA2010-06-059, 2011-Ohio-1310, ¶ 9.

{¶ 10} Regardless, even if Daugherty had not waived this issue on appeal, we find no error in the trial court's sentencing decision. As noted above, Daugherty entered into a plea agreement, wherein he agreed to plead guilty to aggravated vehicular homicide in exchange for the specification and two remaining OVI charges being dismissed. The plea agreement also included an agreed mandatory eight-year prison term authorized by R.C. 2903.06(E) and R.C. 2929.14. In addition, as part of its judgment entry of agreed sentence, the trial court explicitly stated that it considered the principles and purposes of sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors under R.C. 2929.12. The judgment entry of agreed sentence also noted that Daugherty specifically acknowledged the jointly recommended sentence was not subject to appeal, and that the sentence was authorized by law. Nothing in the record indicates the trial court's sentencing decision was in error. Therefore, Daugherty's first assignment of error lacks merit and is overruled.

{¶ 11} Assignment of Error No. 2:

{¶ 12} WHETHER APPELLANT WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL.

{¶ 13} In his second assignment of error, Daugherty argues the trial court erred by denying his motion to withdraw his guilty plea because he received ineffective assistance of counsel. We disagree.

{¶ 14} Pursuant to Crim.R. 32.1, "a motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court

after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A defendant who seeks to withdraw a plea after the imposition of sentence has the burden of establishing the existence of a manifest injustice. *State v. Williams*, 12th Dist. Clermont No. CA2012-08-060, 2013-Ohio-1387, ¶ 11, citing *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph one of the syllabus. In general, "manifest injustice relates to a fundamental flaw in the proceedings that results in a miscarriage of justice or is inconsistent with the demands of due process." *State v. Hobbs*, 12th Dist. Warren No. CA2012-11-117, 2013-Ohio-3089, ¶ 9. "The requirement of demonstrating a manifest injustice is designed to discourage a defendant from pleading guilty to test the weight of the potential reprisal, and later attempting to withdraw the plea if the sentence was unexpectedly severe." *State v. Robinson*, 12th Dist. Butler No. CA2013-05-085, 2013-Ohio-5672, ¶ 13, quoting *Williams* at ¶ 13. This sets forth an "extremely high standard" that is "allowable only in extraordinary cases." *State v. Hopkins*, 12th Dist. Butler No. CA2012-12-246, 2013-Ohio-3674, ¶ 9; *State v. McMahon*, 12th Dist. Fayette No. CA2009-06-008, 2010-Ohio-2055, ¶ 6.

{¶ 15} The decision to grant or deny a motion to withdraw a guilty or no contest plea is within the trial court's sound discretion. *State v. Carter*, 12th Dist. Clinton Nos. CA2010-07-012 and CA2010-08-016, 2011-Ohio-414, ¶ 16. In turn, this court reviews a trial court's decision to deny a motion to withdraw a plea under an abuse of discretion standard. *State v. Ward*, 12th Dist. Clermont No. CA2008-09-083, 2009-Ohio-1169, ¶ 8, citing *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, ¶ 32. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable. *State v. Kelly*, 12th Dist. Butler No. CA2013-01-020, 2013-Ohio-3675, ¶ 20; *State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 130.

{¶ 16} Ineffective assistance of counsel is a proper basis for seeking a post-sentence

withdrawal of a guilty plea. *State v. Eberle*, 12th Dist. Clermont No. CA2009-10-065, 2010-Ohio-3563, ¶ 56; *State v. Mays*, 174 Ohio App.3d 681, 2008-Ohio-128, ¶ 8 (8th Dist.). When an alleged error underlying a motion to withdraw a guilty plea is the ineffective assistance of counsel, such as the case here, the defendant must show (1) his counsel's performance was deficient and (2) that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty. *State v. Finkbine*, 12th Dist. Warren No. CA2005-06-068, 2006-Ohio-1788, ¶ 7; *State v. Xie*, 62 Ohio St.3d 521, 524 (1992). Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *State v. Hendrix*, 12th Dist. Butler No. CA2012-05-109, 2012-Ohio-5610, ¶ 14.

{¶ 17} Here, Daugherty alleges he received ineffective assistance of counsel when one of his trial attorneys, Haynes, failed to disclose his "bias position" resulting from "personal and business ties" with Robbers' uncle, Ken Foster. Daugherty also alleges Haynes had previously represented Hoppy's Bar, the location of where he struck and killed Robbers with his vehicle. Daugherty, however, has provided no evidence as to how Haynes' alleged bias impacted his guilty plea. Moreover, Daugherty has made no allegations of ineffectiveness resulting from the representation of his other attorney, Knepp. As stated by the trial court:

> There is nothing in the record, nor has [Daugherty] even submitted any self-serving statements, that Mr. Haynes' alleged improprieties in any way adversely affected Mr. Knepp's performance and representation of [Daugherty] throughout this matter.

We find no error in the trial court's findings. Nor do we find any merit to Daugherty's claim that Knepp's competency was impacted by Knepp's general practice in domestic relations matters. "All licensed attorneys, even those practicing in an area of law for the first time, are presumed competent absent a showing of ineffectiveness." *State v. McConnell*, 12th Dist.

Clermont No. CA95-06-036, 1995 WL 761440, *3 (Dec. 26, 1995).

{¶ 18} Furthermore, as part of his signed guilty plea form, Daugherty specifically acknowledged that he was satisfied with his trial attorneys' advice and competence, both of whom the trial court found to be very competent in their representation. Therefore, as the record is devoid of any evidence to suggest his plea was anything less than knowingly, intelligently and voluntarily made, Daugherty has failed to demonstrate that his guilty plea resulted in a manifest injustice, thereby requiring its withdrawal. Accordingly, because we find no error in the trial court's decision denying Daugherty's post-sentence motion to withdraw his guilty plea, Daugherty's second assignment of error also lacks merit and is overruled.

{¶ 19} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.