OPINION *Page 2 
{¶ 1} On August 1, 2005, a detective from the Ashland Police Department filed a criminal complaint against appellant, Larry James, Jr., charging him with one count of rape in violation of R.C. 2907.02
and one count of gross sexual imposition in violation of R.C. 2907.05. Said charges arose from incidents involving appellant and his daughter who was under the age of thirteen.
 {¶ 2} On August 29, 2005, appellant pled guilty to the charges via a bill of information. A sentencing hearing was held on October 17, 2005. By judgment entry filed October 25, 2005, the trial court sentenced appellant to an aggregate term of fifteen years in prison.
 {¶ 3} On appeal, this court vacated appellant's sentence pursuant toState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, and remanded the case for resentencing. See, State v. James, Ashland App. No. 05COA057, 2006-Ohio-6385.
 {¶ 4} A resentencing hearing was held on March 26, 2007. By judgment entry filed March 29, 2007, the trial court sentenced appellant to the same aggregate sentence of fifteen years in prison.
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 6} "THE IMPOSITION OF A PRISON SENTENCE IN THIS CASE IMPOSES AN UNNECESSARY BURDEN ON STATE RESOURCES." *Page 3 
 I {¶ 7} Appellant claims his sentence of fifteen years imposes an unnecessary burden on state resources in contravention of R.C.2929.13(A). We disagree.
 {¶ 8} R.C. 2929.13 governs sentencing guidelines for various specific offenses and degrees of offenses. Subsection (A) states as follows in pertinent part:
 {¶ 9} "Except as provided in division (E), (F), or (G) of this section and unless a specific sanction is required to be imposed or is precluded from being imposed pursuant to law, a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in sections 2929.14 to2929.18 of the Revised Code. The sentence shall not impose an unnecessary burden on state or local government resources."
 {¶ 10} As we noted in State v. Ferenbaugh (February 26, 2004), Ashland App. No. 03COA038, 2004-Ohio-977, "[t]he very language of the cited statute grants trial courts discretion to impose sentences. Nowhere within the statute is there any guideline for what an `unnecessary burden' is."
 {¶ 11} Appellant argues this was his "first adult offense and he has not served prior prison time," and "has accepted responsibility for his actions by pleading guilty." Appellant's Brief at 7. Therefore, a fifteen year aggregate sentence on first and third degree felonies imposes an unnecessary burden on state resources.
 {¶ 12} The bill of information indicates appellant engaged in anal intercourse and/or vaginal intercourse and/or fellatio and sexual contact with the victim under the age of thirteen. Appellant was "legally considered to be her [the victim's] father and living in the household with her. The abuse occurred in her own home where she had *Page 4 
the right to be safe." October 17, 2005 T. at 10. The incidents started when the victim was six years old, and continued until she was eleven. Id. Appellant portrayed the victim as the sexual aggressor. Id. at 14. In the past, appellant had committed another crime involving a child, a petty theft which involved stealing money from his children's fundraising money for school. Id. at 13. Based upon these facts, we find the least impact on local and state government resources in this case would be imprisonment.
 {¶ 13} Upon review, we find no evidence to indicate the sentence in this case is an unnecessary burden on state resources.
 {¶ 14} The sole assignment of error is denied.
 {¶ 15} The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby affirmed.
 By Farmer, P.J. Wise, J. and Delaney, J. concur. *Page 5 
JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio is affirmed. *Page 1