[Cite as *State v. Kelly*, 2013-Ohio-3675.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2013-01-020 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 8/26/2013 |
| - vs - | : | |
| | : | |
| OTIS M. KELLY, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2008-11-1918

Michael T. Gmoser, Butler County Prosecuting Attorney, Kimberly L. McManus, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Otis M. Kelly, #A615475, London Correctional Institution, P.O. Box 69, London, Ohio 43140, defendant-appellant, pro se

**S. POWELL, J.**

{¶ 1} Defendant-appellant, Otis M. Kelly, appeals pro se from the Butler County Court of Common Pleas decision denying his motion to withdraw his no contest plea. For the reasons outlined below, we affirm.

{¶ 2} On November 5, 2008, Kelly was indicted on one count of trafficking in cocaine and one count of possession of cocaine. Each charge also included a major-drug-offender

specification and three forfeiture specifications. The charges stemmed from Kelly's involvement in the transportation of seven kilos of cocaine from Chicago to the Butler County area in conjunction with his co-defendant, Sudinia Johnson. The investigation into the alleged drug trafficking began after officers from the Butler County Sheriff's Office received word from several confidential informants that Johnson had recently sold several kilos of cocaine and had arranged to pick up an additional seven to ten kilos of cocaine for sale and distribution. After receiving this information, officers conducted a trash pull at Johnson's home and placed a global-positioning system ("GPS") on Johnson's van.

{¶ 3} A few days later, the GPS unit placed on Johnson's van indicated the vehicle was located at a shopping center near Chicago. After several unsuccessful attempts to contact Chicago law enforcement, Rudy Medellin, the brother of a Butler County Sheriff's Office employee and retired immigration and customs enforcement officer living in the Chicago area, confirmed the van was located at the shopping center. Medellin then followed the van to a nearby residence where he saw two men, later identified as Johnson and Kelly, exit the van and enter the home.

{¶ 4} Shortly thereafter, Medellin saw Johnson exit the house carrying a box before getting into the van and driving away. At that same time, Medellin also saw Kelly pull out of the garage in a car displaying Ohio plates. Medellin then followed Johnson and Kelly as they drove their separate vehicles from Chicago to Butler County. After entering Butler County, both vehicles were stopped and Johnson and Kelly were arrested after officers located seven kilos of cocaine in a hidden compartment within Kelly's vehicle. Kelly entered a plea of not guilty to all charges.

{¶ 5} Prior to trial, Kelly filed a motion to suppress, claiming the traffic stop on his vehicle was unlawful, that the stop was unreasonably long, and that the warrantless search of the trunk was improper. Kelly also challenged the constitutionality of the placement of a GPS

unit on Johnson's van without a warrant. After a hearing on the matter, the trial court denied Kelly's motion in its entirety.

{¶ 6} Following the denial of his motion to suppress, Kelly entered a no contest plea to the pending charges and accompanying specifications. As a result of his no contest plea, the trial court found Kelly guilty of all charges. The trial court then merged the charges into a single count of cocaine possession and sentenced Kelly to an aggregate 11-year prison term. The trial court also imposed a $10,000 fine and ordered the forfeiture of three vehicles.

{¶ 7} On October 8, 2009, Kelly, with the assistance of counsel, appealed from his conviction arguing that the trial court erred in denying his motion to suppress. In support of this claim, Kelly argued that the traffic stop was invalid because the police lacked reasonable articulable suspicion justifying the stop, he was arrested without probable cause when officers placed him in a cruiser during the search of his vehicle, and the length of the stop was unreasonable. Kelly did not appeal from the trial court's decision finding the warrantless placement of the GPS unit on Johnson's van was constitutionally permissible. This court affirmed Kelly's conviction on August 2, 2010. *See State v. Kelly*, 188 Ohio App.3d 842, 2010-Ohio-3560 (12th Dist.). It is undisputed that Kelly did not appeal from that decision to the Ohio Supreme Court.

{¶ 8} Johnson was also indicted on single counts of trafficking in cocaine and possession of cocaine along with several forfeiture specifications. In preparing his defense, Johnson filed various motions to suppress. This included a challenge regarding the constitutionality of attaching the GPS unit to his van without a warrant. The trial court denied all of Johnson's motions. After his motions to suppress were denied, Johnson entered a no contest plea and the trial court found him guilty. The trial court then merged the charges for sentencing and ordered Johnson to serve an aggregate of 15 years in prison. Johnson was also required to forfeit several vehicles, televisions, shoes, clothing, and a firearm, all of

which he admitted to purchasing with drug money.

{¶ 9} Like Kelly, Johnson also appealed from his conviction. *See State v. Johnson*, 190 Ohio App.3d 750, 2010-Ohio-5808 (12th Dist.). As part of his appeal, Johnson alleged the warrantless placement of the GPS unit on the van was unconstitutional. However, in affirming Johnson's conviction, this court found that attaching a GPS unit to a car was not a search under the Fourth Amendment, and therefore, did not require a search warrant. Unlike Kelly, Johnson then appealed to the Ohio Supreme Court. The Ohio Supreme Court accepted the case for review in *State v. Johnson*, 128 Ohio St.3d 1425, 2011-Ohio-1049. The matter was then held in abeyance while the United States Supreme Court also considered the constitutionality of the use of GPS units under the Fourth Amendment.

{¶ 10} On January 23, 2012, and while the *Johnson* case was still pending, the United States Supreme Court issued its decision in *United States v. Jones*, ___ U.S. ___, 132 S.Ct. 945 (2012), which held the attachment of a GPS unit to a vehicle constitutes a search within the meaning of the Fourth Amendment. In light of that holding, the Ohio Supreme Court remanded *Johnson* to the trial court for application of the United States Supreme Court's decision in *Jones*. *See State v. Johnson*, 131 Ohio St.3d 301, 2012-Ohio-975, ¶ 1.

{¶ 11} Prior to the United States Supreme Court's decision in *Jones*, and rather than filing an appeal with the Ohio Supreme Court, Kelly filed an application for delayed reconsideration arguing that this court lacked subject matter jurisdiction to consider his appeal because his sentencing entry failed to correctly incorporate the consequences of violating postrelease control. However, finding no error in his sentencing entry, this court denied Kelly's motion for delayed reconsideration on October 19, 2010. *State v. Kelly*, 12th Dist. Butler No. CA2009-10-252 (Oct. 19, 2010) (entry denying motion for delayed reconsideration).

{¶ 12} Thereafter, on December 8, 2010, Kelly filed a petition for a writ of procedendo

with the Ohio Supreme Court. As part of this petition, Kelly once again argued that the trial court erred in denying his motion to suppress as there was "no probable cause shown by police for the search." This court responded to the writ by filing a motion to dismiss. Kelly then moved for voluntary dismissal, claiming that he did not fully understand the correct procedure for seeking a discretionary appeal. The Ohio Supreme Court granted Kelly's motion and dismissed the petition on February 4, 2011. *See State ex rel. Kelly v. Bressler*, Case No. 2010-2128, 2011-Ohio-485.

{¶ 13} Nevertheless, approximately two weeks later, Kelly filed a second petition for a writ of procedendo arguing the exact same issues as he did in his first petition. This court filed another motion to dismiss, which the Ohio Supreme Court granted on May 4, 2011. *See State ex rel. Kelly v. Bressler*, Case No. 2011-0280, 2011-Ohio-2055. Again, Kelly never appealed this court's August 2, 2010 decision affirming his conviction.

{¶ 14} On April 6, 2011, Kelly filed a petition for a writ of habeas corpus with the United States District Court for the Southern District of Ohio. As part of that petition, Kelly again argued that the trial court erred in denying his motion to suppress as no probable cause existed to make the initial traffic stop, his being placed in the police cruiser during the search amounted to an unconstitutional seizure, and the warrantless search of his car was conducted without probable cause or an exception to the warrant requirement.

{¶ 15} On April 30, 2012, a magistrate issued a decision recommending Kelly's petition be dismissed. *See Kelly v. Warden, London Correctional Inst.*, S.D.Ohio No. 1:11-cv-254, 2012 WL 1552630 (Apr. 30, 2012). In so holding, the magistrate determined that Kelly "was able to fully and fairly litigate his Fourth Amendment claims in the state courts." *Id.* at *9. The district court later adopted the magistrate's report and recommendation on July 16, 2012. *Kelly v. Warden, London Correctional Inst.*, S.D.Ohio No. 1:11-cv-254, 2012 WL 2890878 (July 16, 2012).

{¶ 16} On June 29, 2012, Kelly filed an additional application for reconsideration and a request to reopen his appeal. As part of this application, Kelly argued that because the United States Supreme Court had now decided *Jones*, he was entitled to have his motion to suppress reopened and his conviction vacated. This court denied Kelly's application in an entry dated August 7, 2012 by finding, in pertinent part, the following:

> Despite the writs of procedendo, [Kelly] never filed a direct appeal to the Ohio Supreme Court. Therefore, his appellate remedies were exhausted 45 days after this court's August 2, 2010 decision affirming his conviction. [Kelly's] case was not pending at the time the U.S. Supreme Court decided *United States v. Jones*, and, he is not entitled to retroactive application of *Jones.*

*State v. Kelly*, 12th Dist. Butler No. CA2009-10-252 (Aug. 7, 2012) (entry denying application for reconsideration and application for reopening appeal). The Ohio Supreme Court declined review in *State v. Kelly*, 133 Ohio St.3d 1493, 2012-Ohio-5459.

{¶ 17} Thereafter, on December 17, 2012, Kelly filed a motion to withdraw his plea pursuant to Crim.R. 32.1. In support of this motion, Kelly again argued that he should be entitled to withdraw his no contest plea in light of the United States Supreme Court's decision in *Jones*. The trial court summarily denied the motion in an entry dated January 7, 2013. Kelly now appeals from the trial court's decision denying his motion to withdraw his no contest plea, raising a single assignment of error for review.

{¶ 18} WHETHER APPELLANT'S CONSTITUTIONAL RIGHTS WERE VIOLATED BY THE TRIAL COURT'S REFUSAL TO ALLOW APPELLANT TO WITHDRAW HIS PLEA.

{¶ 19} Pursuant to Crim.R. 32.1, "a motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A defendant who seeks to withdraw a plea after the imposition of sentence has the burden of establishing the existence of a manifest injustice. *State v.*

- 6 -

*Williams*, 12th Dist. Clermont No. CA2012-08-060, 2013-Ohio-1387, ¶ 11, citing *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph one of the syllabus. In general, "manifest injustice relates to a fundamental flaw in the proceedings that results in a miscarriage of justice or is inconsistent with the demands of due process." *State v. Hobbs*, 12th Dist. Warren No. CA2012-11-117, 2013-Ohio-3089, ¶ 9. Such a motion is "allowable only in extraordinary cases." *State v. McMahon*, 12th Dist. Fayette No. CA2009-06-008, 2010-Ohio-2055, ¶ 6.

{¶ 20} The decision to grant or deny a motion to withdraw a guilty or no contest plea is within the trial court's sound discretion. *State v. Carter*, 12th Dist. Clinton Nos. CA2010-07-012 and CA2010-08-016, 2011-Ohio-414, ¶ 16. In turn, an appellate court reviews a trial court's decision to deny a motion to withdraw a plea under an abuse of discretion standard. *State v. Ward*, 12th Dist. Clermont No. CA2008-09-083, 2009-Ohio-1169, ¶ 8, citing *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, ¶ 32. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable. *State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 130.

{¶ 21} That said, "Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the [no contest] plea subsequent to an appeal and an affirmance by the appellate court." (Brackets sic.) *State v. Green*, 5th Dist. Stark No. 2004CA00229, 2005 WL 1399273, *2 (June 8, 2005), quoting *State ex rel. Special Pros. v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 98 (1978). In fact, as this court has previously stated, although a trial court is permitted to consider a postsentence motion to withdraw a plea, "the court lacks jurisdiction to consider such a motion once a higher court has affirmed the trial court's judgment on appeal." *State v. Williams*, 12th Dist. Warren No. CA2010-06-050, 2011-Ohio-1875, ¶ 12; *State v. Tekulve*, 188 Ohio App.3d 792, 2010-Ohio-

3604, ¶ 5 (1st Dist.) (finding "a trial court lacks jurisdiction to entertain a Crim.R. 32.1 motion to withdraw a guilty or no-contest plea when it is made after a defendant has perfected his direct appeal and his judgment of conviction has been affirmed").

**{¶ 22}** As noted above, Kelly's conviction was affirmed by this court on direct appeal in *State v. Kelly*, 188 Ohio App.3d 842, 2010-Ohio-3560 (12th Dist.). It is undisputed that Kelly never appealed this court's August 2, 2010 decision affirming his conviction to the Ohio Supreme Court. The trial court was therefore without jurisdiction to consider Kelly's postsentence motion to withdraw his no contest plea. *See, e.g.*, *State v. McFarland*, 2d Dist. Montgomery No. 24418, 2013-Ohio-2019, ¶ 10 (finding trial court lost jurisdiction to consider motion to withdraw no contest plea once conviction and sentence were affirmed on direct appeal); *State v. Ford*, 8th Dist. Cuyahoga No. 98049, 2012-Ohio-4597, ¶ 9 (same); *State v. Kovacek*, 9th Dist. Lorain No. 02CA008115, 2002-Ohio-7003, ¶ 7 (finding trial court lost its jurisdiction over a motion to withdraw a no contest plea "once an appeal has been taken and affirmed"). Accordingly, we find no error in the trial court's decision summarily denying Kelly's motion to withdraw his no contest plea.

**{¶ 23}** Furthermore, even if the trial court had jurisdiction to entertain such a motion, which it did not, we still find no merit to Kelly's claim that he should be entitled to withdraw his plea. In essence, Kelly argues that he should be permitted to withdraw his plea due to the United States Supreme Court's decision in *Jones*. However, as this court already determined in denying Kelly's application for reconsideration and reopening of his appeal:

> Despite the writs of procedendo, [Kelly] never filed a direct appeal to the Ohio Supreme Court. Therefore, his appellate remedies were exhausted 45 days after this court's August 2, 2010 decision affirming his conviction. [Kelly's] case was not pending at the time the U.S. Supreme Court decided *United States v. Jones*, and, he is not entitled to retroactive application of *Jones.*

*State v. Kelly*, 12th Dist. Butler No. CA2009-10-252 (Aug. 7, 2012) (entry denying application

for reconsideration and application for reopening appeal).

{¶ 24} It is well-established that "a new judicial ruling may be applied only to cases that are pending on the announcement date. * * * The new judicial ruling may not be applied retroactively to a conviction that has become final[.]" *State v. Madaffari*, 12th Dist. Butler No. CA2004-08-193, 2005-Ohio-3625, ¶ 6, quoting *Ali v. State*, 104 Ohio St.3d 328, 2004-Ohio-6592, ¶ 6. A final conviction "means a conviction in which the accused has exhausted all his appellate remedies or as to which the time for appeal as of right has expired." *State v. Lynn*, 5 Ohio St.2d 106, 108 (1966). As noted above, Kelly's appellate remedies were exhausted 45 days after this court's August 2, 2010 decision affirming his conviction, thereby rendering his conviction final.

{¶ 25} Nevertheless, Kelly claims that he should still be entitled to the retroactive application of *Jones* "because Johnson had private counsel; and Kelly did not." According to Kelly, this is the reason why his case was not pending before the Ohio Supreme Court at the time *Jones* was announced. However, "[a] criminal defendant who appears pro se may be held to the same standard of conforming to legal procedure as attorneys[.]" *State v. Lutz*, 12th Dist. Clermont No. CA2000-09-7112, 2001 WL 1598768, *1 (Dec. 17, 2001). Moreover, as the record clearly indicates, Kelly actually did have counsel for his direct appeal to this court. Kelly's argument is therefore without merit and simply unsupported by the record.

{¶ 26} In addition, Kelly also argues that he was the "victim of selective prospectivity" where the Ohio Supreme Court held *Johnson* in abeyance pending the outcome of *Jones*, when the Court did not do the same for him. Again, it is undisputed that Kelly never filed a direct appeal to the Ohio Supreme Court from our August 2, 2010 decision affirming his conviction on appeal. Johnson did. In turn, contrary to Kelly's claim otherwise, this is not a case in which the Court "simply pick[ed] and choose between two defendants' which ones case will remain on direct review; and which will not."

{¶ 27} Instead, had Kelly filed a direct appeal to the Ohio Supreme Court, the Court very well may have accepted it for review. However, unlike Johnson, Kelly did not file a direct appeal to the Ohio Supreme Court. As a result, the Ohio Supreme Court never had the opportunity to hold his case in abeyance pending the outcome of the United States Supreme Court's decision in *Jones*. Therefore, even if the trial court had jurisdiction in this matter, we find Kelly's motion to withdraw his no contest plea still fails as a matter of law. Accordingly, Kelly's single assignment of error is overruled.

{¶ 28} Judgment affirmed

HENDRICKSON, P.J., and RINGLAND, J., concur.