[Cite as *State v. Hopper*, 2013-Ohio-5091.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NOS. CA2013-04-039 |
| Plaintiff-Appellee, | : | CA2013-05-041 |
| | : | O P I N I O N |
| - vs - | | 11/18/2013 |
| | : | |
| DAVID S. HOPPER, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 08 CR 25107


David P. Fornshell, Warren County Prosecuting Attorney, Michael Greer, 500 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

David S. Hopper, #218-480, Northpoint Training Center, P.O. Box 479, Burgin, KY 40310, defendant-appellant, pro se


**RINGLAND, P.J.**

{¶ 1} Defendant-appellant, David Hopper, appeals pro se a decision of the Warren County Court of Common Pleas denying his motion to withdraw his guilty plea under Crim. R. 32.1. For the reasons set forth below, we affirm the decision of the trial court.

{¶ 2} We note that the record on appeal is very limited, due in large part to the fact that appellant failed to file a transcript for the change of plea or sentencing hearings. The

parties do not dispute, however, that this case stems from a series of crimes committed by appellant, which occurred in multiple states. As a result, appellant was charged with multiple offenses in Ohio, Kentucky, and Indiana. Appellant was also charged with multiple federal offenses in connection with those events.

{¶ 3} Appellant's brief alleges that in 2007, he entered his first guilty plea in the U.S. District Court for the Eastern District of Kentucky for two counts of use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. 924(c). Appellant was subsequently sentenced to a term of 32 years in federal prison.

{¶ 4} On June 16, 2008 appellant was indicted on 12 counts in the Warren County Court of Common Pleas for two counts of aggravated burglary, one count of aggravated robbery, four counts of kidnapping, two counts of rape, one count of possession of criminal tools, and one count of gross sexual imposition. Each count included a firearm specification under R.C. 2941.145(A). All three kidnapping counts included both a sexual motivation specification under R.C. 2941.147(A) and a sexually violent predator specification under R.C. 2941.148(A).

{¶ 5} Appellant subsequently entered a plea of guilty to the offenses and specifications listed in the Warren County indictment, except for the sexually violent predator specifications under R.C. 2941.148(A). The sexually violent predator specifications were later dismissed by the state on all three counts. Appellant was sentenced to a total of 40 years in prison for those counts committed in Warren County. Appellant claims that he believed that the 40-year sentence in Warren County would run concurrent with his 32-year federal sentence, which was based on his conviction of two counts of 18 U.S.C. 924(c).

{¶ 6} Approximately five years after his conviction and sentencing for the crimes committed in Warren County, appellant alleges that he first became aware that his federal

prison sentence could not be served concurrently with any other state or federal sentences. *See* 18 U.S.C. 924 (c)(1)(D)(ii) ("no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person").

{¶ 7} On March 15, 2013, acting pro se, appellant moved to withdraw his guilty plea to the charges brought in the Warren County Court of Common Pleas. In its entry dated April 10, 2013, the trial court denied appellant's motion to withdraw his guilty plea. Appellant now appeals the decision of the trial court, raising the following assignment of error:

{¶ 8} THE COURT DENIED HOPPER DUE PROCESS, WHEN IT DENIED HIS MOTION TO WITHDRAW HIS PLEADING OF GUILTY, WHICH WAS BASED ON THE PROMISE OF A SENTENCE THAT WOULD BE SERVED CONCURRENT TO HIS KENTUCKY AND FEDERAL SENTENCES.

{¶ 9} In his sole assignment of error, appellant argues that he should be permitted to withdraw his guilty plea to the offenses committed in Warren County. He alleges that he pled guilty based on the understanding or promise that all of his sentences, including his federal sentence, would be served concurrently. However, since his violation of 18 U.S.C. 924(c) cannot be served concurrently with any other offense, he now alleges that the prosecutor breached the plea agreement and, thus, he should be permitted to withdraw his guilty plea.

{¶ 10} Appellant is correct in noting that due process requires the state to honor any promise made to a defendant in securing a guilty plea. *State v. Pasturzak*, 4th Dist. Scioto No. 08CA3252, 2009-Ohio-4222, ¶ 13; *State v. Lampson*, 10th Dist. Franklin No. 09-AP-1159, 2010-Ohio-3575, ¶ 9. A breach of such a promise could permit a criminal defendant to withdraw his guilty plea. *Paturzak* at ¶ 13.

{¶ 11} Generally, a motion to withdraw a guilty plea may only be made before

sentence is imposed. Crim.R. 32.1. However, in order to correct a manifest injustice, "the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1; *State v. Williams*, 12th Dist. Clermont No. CA2012-08-060, 2013-Ohio-1387, ¶ 10.

{¶ 12} A defendant who seeks to withdraw a guilty plea after the imposition of sentence has the burden of establishing the existence of a manifest injustice. *State v. Smith*, 49 Ohio St.2d 261(1977), paragraph one of the syllabus. A manifest injustice "relates to a fundamental flaw in the proceedings that results in a miscarriage of justice or is inconsistent with the demands of due process." *State v. Carter*, 12th Dist. Clinton Nos. CA2010-07-012, CA2010-08-016, 2011-Ohio-414, ¶ 15. The manifest injustice standard "is an extremely high standard, which permits a defendant to withdraw his guilty plea only in extraordinary cases." *Id.*; *State v. Hopkins*, 12th Dist. Butler No. CA2012-12-246, 2013-Ohio-3674, ¶ 9.

{¶ 13} The decision of whether to grant or deny a motion to withdraw a plea of guilty under Crim.R. 32.1 is within the discretion of the trial court. *Smith* at 264; *Hopkins* at ¶ 10. We will not reverse the trial court's decision absent an abuse of discretion. *State v. Kelly*, 12th Dist. Butler No. CA2013-01-020, 2013-Ohio-3675, ¶ 20. A trial court abuses its discretion when its decision was "unreasonable, arbitrary, or unconscionable" and not merely an error of law or judgment. *Id.*, citing *State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 130.

{¶ 14} Since the appealing party bears the burden of showing error in the underlying proceeding by reference to matters in the record, the appellant has a duty to provide a transcript for appellate review. *Williams* at ¶ 18; *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980); *see* App. R. 9(B); *see also* App. R. 16(A)(7). "Where portions of the transcript necessary for resolution of assigned errors are omitted from the record, the

reviewing court has nothing to pass upon and thus has no choice but to presume the regularity or validity of the lower court's proceedings and affirm." *Knapp* at 199; *Williams* at ¶ 18; *State v. Gregory*, 12th Dist. Clinton No. CA2006-05-016, 2006-Ohio-7037, ¶ 3.

{¶ 15} A review of the record in this case reveals that appellant did not submit a transcript for the change of plea or sentencing hearings, which was necessary for this appeal. Without a transcript, we cannot determine the validity of any of the assertions that appellant made in his brief. Therefore, in reviewing this case we must presume the regularity of the proceedings and presume the trial court provided appellant with the proper Crim.R. 11 colloquy and correctly informed appellant of the possible penalties for all of the offenses for which he was about to plead guilty.

{¶ 16} We are assisted in this determination by a written plea form signed by appellant and his counsel. The record reflects that appellant signed a written plea form that listed the charges he was pleading guilty to, as well as the possible sentences for each count. This document states that "I [appellant] have been fully informed by my counsel and by the Court of the charge against me, the penalty provided by law, and of my constitutional rights; I am proceeding voluntarily[.]" The writing further acknowledges that "[n]o promises have been made to me [the appellant] to secure my plea of GUILTY."

{¶ 17} The document makes no reference to any promise or term in the plea agreement that indicates appellant's state charges would be served concurrently with his other federal or state charges. In sum, appellant did not present any evidence that the state promised that appellant's state and federal charges would be served concurrently. Nor is it clear why appellant's federal sentence, which statutorily mandates a consecutive sentence, in any way weighs on the validity of his guilty plea to the crimes committed in Warren County.

{¶ 18} Accordingly, since appellant failed to support his contention of a breach of a

plea agreement with any evidence in the record, the trial court did not abuse its discretion in denying appellant's motion to withdraw his guilty plea. Since the trial court did not abuse its discretion in denying appellant's motion to withdraw his guilty plea, appellant sole assignment of error is overruled.

**{¶ 19}** Judgment affirmed.

PIPER and M. POWELL, JJ., concur.