[Cite as *State v. Bowling*, 2019-Ohio-751.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-07-148 |
| | : | O P I N I O N |
| - vs - | | 3/4/2019 |
| | : | |
| DUKE BOWLING, JR., | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM HAMILTON MUNICIPAL COURT
Case No. 18CRB01733-A


Thomas A. Dierling, Hamilton City Prosecutor, 345 High Street, Hamilton, Ohio 45011, for appellee

Christopher P. Frederick, 300 High Street, Suite 550, Hamilton, Ohio 45011, for appellant


**RINGLAND, J.**

{¶ 1}  Appellant, Duke Bowling, appeals from the decision of the Hamilton Municipal Court ordering him to pay restitution.  For the reasons detailed below, we affirm.

{¶ 2}  Bowling pled guilty to one count of aggravated trespassing in violation of R.C. 2911.211.  Prior to his plea, Bowling was advised of the maximum penalties for the offense and that the matter would be scheduled for a restitution hearing.

{¶ 3}  On June 15, 2018, the trial court held a restitution hearing to determine the

proper amount of restitution Bowling owed for a window that had been broken on the premises. Following the hearing, the trial court ordered Bowling to pay $625 in restitution to the victim. Bowling now appeals, raising a single assignment of error for review:

{¶ 4} THE TRIAL COURT ERRED WHEN IT ORDERED APPELLANT TO PAY A TOTAL OF $625.00 IN RESTITUTION.

{¶ 5} In his sole assignment of error, Bowling argues the trial court's decision was improper in that it was not supported by competent, credible evidence. Bowling's argument is without merit.

{¶ 6} When imposing restitution, the amount of restitution must bear a reasonable relationship to the victim's actual loss to comport with due process. *State v. Stamper*, 12th Dist. Butler No. CA2009-04-115, 2010-Ohio-1939, ¶ 17. Thus, the restitution amount is limited to the actual loss or damage caused by the offender and must be established to a reasonable degree of certainty. *State v. Collins*, 12th Dist. Warren No. CA2014-11-135, 2015-Ohio-3710, ¶ 32.

{¶ 7} In order to determine the proper amount of restitution, R.C. 2929.18(A)(1) allows a court to base the restitution order:

> on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense.

{¶ 8} Based on the limited record before this court, we find no prejudicial error to support the claims made by Bowling in this appeal. The state argues, and we agree, that the transcript of proceedings before this court is incomplete, as there is a clear statement by the trial court that restitution in the amount of $625 had been ordered in the companion cases. Since the appealing party bears the burden of showing error in the underlying proceeding by

reference to matters in the record, the appellant has a duty to provide a transcript for appellate review. *State v. Hopper*, 12th Dist. Warren Nos. CA2013-04-039 and CA2013-05-041, 2013-Ohio-5091, ¶ 14. "Where portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus has no choice but to presume the regularity or validity of the lower court's proceedings and affirm." *Id.*

{¶ 9} Since the evidence before this court demonstrates no prejudicial error, and any purported discrepancy in the trial court's restitution order is contained in a transcript not included in the record, we must presume the regularity of the proceedings below and affirm the trial court's decision as to the restitution award. Bowling's sole assignment of error is overruled.

{¶ 10} Judgment affirmed.

HENDRICKSON, P.J. and S. POWELL, J., concur.