[Cite as *State v. Walling*, 2019-Ohio-2490.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


STATE OF OHIO,                              :

    Appellee,                            :           CASE NO. CA2018-06-130

                                     :           O P I N I O N
  - vs -                                  6/24/2019

                                     :

JENISE B. WALLING,                         :

    Appellant.                           :


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR 2017-11-1910


Michael T. Gmoser, Butler County Prosecuting Attorney, Michael Greer, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Law Office of Christopher P. Frederick, Christopher P. Frederick, 300 High Street, Suite 550, Hamilton, Ohio 45011, for appellant


      **RINGLAND, J.**

      **{¶ 1}**  Appellant, Jenise Walling, appeals from the decision of the Butler County Court of Common Pleas ordering him to pay restitution. For the reasons detailed below, we affirm.

      **{¶ 2}**  Walling pled guilty to one count of possession of heroin and one count of receiving stolen property. At the sentencing hearing, the trial court ordered Walling to pay $1,500 in restitution. Walling's trial counsel objected and requested a hearing based on his

understanding that the victim's property had been returned. As a result, the trial court vacated the restitution order and scheduled a hearing.

{¶ 3} Walling failed to appear for the restitution hearing and the matter proceeded without him. Walling's trial counsel argued against the imposition of restitution. Thereafter, the trial court imposed $1,500 in restitution and stated the reasons on the record:

> Well with regard to the restitution amount, the Court is unable to address the arguments that [Counsel] has proffered today, given [Walling's] non-appearance. The Court has in front of it only the information in the pre-sentence investigation [sic] report and at this time is going to order the restitution in the amount of $1,500 to [the victim] * * *.

Walling now appeals, raising two assignments of error for review.

{¶ 4} Assignment of Error No. 1:

{¶ 5} MR. WALLING'S FEDERAL AND STATE CONSTITUTIONAL RIGHTS TO DUE PROCESS WERE VIOLATED WHEN THE TRIAL COURT HELD A RESTITUTION HEARING IN HIS ABSENCE.

{¶ 6} Assignment of Error No. 2:

{¶ 7} THE TRIAL COURT ERRED WHEN IT ORDERED APPELLANT TO PAY A TOTAL OF $1,500.00 IN RESTITUTION.

{¶ 8} We will address Walling's assignments of error together. Walling argues the trial court erred in holding the hearing in his absence and ordering $1,500 in restitution. Walling's assignments of error are without merit.

{¶ 9} R.C. 2929.18(A)(1) grants a trial court the authority to order restitution by an offender to the victim, or any survivor of the victim, in an amount commensurate with the victim's economic loss. *State v. Hubbard*, 12th Dist. Butler No. CA2014-03-063, 2015-Ohio-646, ¶ 65. As defined by R.C. 2929.01(L), the term "economic loss" means "any economic detriment suffered by a victim as a direct and proximate result of the commission of an

offense" and includes, among others, medical costs and funeral expenses incurred. "Economic loss," however, does not include "non-economic loss or any punitive or exemplary damages." R.C. 2929.01(L).

{¶ 10} When imposing restitution, the amount of restitution must bear a reasonable relationship to the victim's actual loss to comport with due process. *State v. Bowling*, 12th Dist. Butler No. CA2018-07-148, 2019-Ohio-751, ¶ 6. Thus, the restitution amount is limited to the actual loss or damage caused by the offender and must be established to a reasonable degree of certainty. *State v. Collins*, 12th Dist. Warren No. CA2014-11-135, 2015-Ohio-3710, ¶ 32.

{¶ 11} In order to determine the proper amount of restitution, R.C. 2929.18(A)(1) allows a court to base the restitution order:

> on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense.

{¶ 12} Initially, Walling argues the trial court violated his right to due process by holding the restitution hearing in his absence. Ohio Constitution, Article I, Section 10; *Snyder v. Massachusetts*, 291 U.S. 97, 54 S.Ct. 330, 107-108 (1934); *See* Crim.R. 43(A)(1) ("defendant must be physically present at every stage of the criminal proceeding and trial, * * * except as otherwise provided by these rules"). However, Walling's counsel failed to object to the continuation of proceedings and therefore has waived all but plain error on this issue.[1] *See State v. Carr*, 104 Ohio App.3d 699, 703 (2d Dist.1995).

---

1. We also note that Walling provided no explanation for his absence. *See, e.g.*, *Carr*, at 703 ("[i]f counsel has no explanation for the defendant's absence, the trial court may nevertheless find the absence to be voluntary because the presumption that the defendant knows of his obligation to attend has gone unrebutted").

{¶ 13} Pursuant to Crim.R. 52(B), an alleged error constitutes plain error only if the error is obvious and but for the error, the outcome clearly would have been different. *State v. Morgan*, 12th Dist. Butler Nos. CA2013-08-146 and CA2013-08-147, 2014-Ohio-2472, ¶ 41. Notice of plain error is to be taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. *Id.* As discussed below, because there was no error in the restitution order, no plain error occurred.

{¶ 14} Walling argues the trial court erred when it ordered restitution because the $1,500 ordered related to the act of burglarizing the victim's house. Walling insists that he was only convicted of receiving stolen property. Therefore, Walling maintains that the restitution did not relate to his conviction and bore no relationship to the victim's economic loss.

{¶ 15} Based on the limited record before this court, we find the trial court did not commit plain error in ordering Walling to pay $1,500 restitution. In this case, the record reflects that the victim had a $1,500 insurance deductible that he was forced to pay for as a result of Walling's criminal conduct, i.e., receiving stolen property. *State v. Christman*, 12th Dist. Preble Nos. CA2009-03-007 and CA2009-03-008, 2009-Ohio-6555, ¶ 15 (insurance deductible properly included in restitution order). Walling failed to introduce any evidence to the contrary. As a result, we find no error in the trial court's restitution order. Walling's first and second assignments of error are overruled.

Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.