[Cite as *State v. Jackson*, 2021-Ohio-3070.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2020-12-073 |
| Appellee, | : | O P I N I O N<br>9/7/2021 |
| | : | |
| - vs - | : | |
| | : | |
| MARKUS L. JACKSON, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case Nos. 20CR195; 20CR383


Mark J. Tekulve, Clermont County Prosecuting Attorney, and Nicholas A. Horton, Assistant Prosecuting Attorney, for appellee.

Gossett & Associates, and Vivian L. Poe, for appellant.


**M. POWELL, P.J.**

{¶ 1} Appellant, Markus Jackson, appeals his felony sentences in the Clermont County Court of Common Pleas.

{¶ 2} This case involves two criminal cases. In Case No. 2020-CR-195, appellant was indicted on two counts of robbery and one count of aggravated robbery, each with a repeat violent offender specification, one count of failure to comply with an order or signal

of a police officer ("failure to comply"), one count of theft, and one count of operating a vehicle while under the influence of alcohol or drug of abuse ("OVI"). In Case No. 2020-CR-383, appellant was indicted on three counts of OVI, one count of cocaine possession, and one count of possession of fentanyl-related compound. The cases were consolidated at the state's request.

{¶ 3} The charges stemmed from events that occurred on February 11, 2020, during which appellant stole several clothing items from a Meijer store, and then robbed a Food Mart store by pointing a pellet gun into the face of a cashier, cocking back the hammer of the gun, and demanding money. The record indicates that the pellet gun looked identical to a .357 revolver. Following the Food Mart robbery, a high-speed chase ensued during which appellant travelled up to 94 m.p.h. and ran a red light, nearly striking vehicles in the process, before he lost control and wrecked his vehicle. Police found cocaine and fentanyl-related compound in the vehicle. Appellant was arrested and subsequently indicted as detailed above.

{¶ 4} On October 28, 2020, pursuant to plea negotiations, appellant pled guilty to one count of aggravated robbery, a felony of the first degree, one count of failure to comply, a felony of the third degree, and one count of OVI, a first-degree misdemeanor, in Case No. 2020-CR-195, and one count of possession of fentanyl-related compound, a felony of the fourth degree, in Case No. 2020-CR-383. The repeat violent offender specifications and remaining counts in the two cases were dismissed.

{¶ 5} A sentencing hearing was held on December 2, 2020. Appellant's counsel advised the trial court that appellant had no recollection of the February 11, 2020 events, has significant mental health issues such as schizophrenia and bipolar disorder, and was self-medicating with drugs. Counsel noted that only appellant was injured in the incident and that the weapon he used was a BB gun. Counsel asked that appellant be sentenced

to prison for seven or eight years. Appellant advised the trial court that he had spent most of his adult life in prison, that he had no recollection of what he did on February 11, 2020, "something just snapped," and that he was taking responsibility for his actions. Appellant recognized he had serious issues that needed to be addressed and asked for leniency.

{¶ 6} The state advised the trial court that although the weapon used by appellant was not a real firearm, it was indistinguishable from a .357 revolver, and in fact, it took some time for police to realize it was not a real firearm. The state further advised the court that the incident so impacted the Food Mart cashier that she had to change jobs and move. The state noted that although appellant had been out of prison for nearly eight years at the time of the incident, he had nonetheless been convicted of numerous misdemeanor offenses during that period of time. The state asked that the trial court impose a lengthy period of incarceration, in part to protect the public from appellant "snapping" again.

{¶ 7} The trial court sentenced appellant to 36 months in prison for the failure to comply offense, 18 months in prison for the possession of fentanyl-related compound offense, and 180 days in jail for the OVI offense. The trial court further sentenced appellant to an indefinite prison term of 10 to 15 years for the aggravated robbery offense. The trial court ordered that the terms for the OVI, possession of fentanyl-related compound, and failure to comply be served concurrent to one another, but consecutive to the sentence for aggravated robbery. In sentencing appellant, the trial court noted the seriousness of appellant's conduct, the risk of harm he caused himself and others during the commission of the offenses, and the serious psychological harm suffered by the Food Mart cashier. The court further noted appellant's extensive criminal history, which dates back to 1988 and includes felony convictions for aggravated robbery, robbery, and failure to comply; appellant's failure to respond positively to prior rehabilitative interventions; his history of alcohol and drug abuse; and the fact this case represented his ninth and tenth felony

- 3 -

convictions.

{¶ 8} Appellant appeals his felony sentences, raising two assignments of error.

{¶ 9} Assignment of Error No. 1:

{¶ 10} THE TRIAL COURT ERRED IN SENTENCING.

{¶ 11} Appellant argues that the trial court erred in sentencing him to more than the minimum prison term on each of the three felony counts to which he pled guilty. Appellant asserts he pled guilty to aggravated robbery, failure to comply, and possession of fentanyl-related compound with the understanding that the state would recommend and the trial court would impose minimum prison terms.

{¶ 12} Appellant does not identify where the record reflects he was promised minimum prison terms in consideration for his guilty pleas. The plea forms signed by appellant do not set forth any promise or representation that appellant would be sentenced to minimum prison terms. The plea forms show that in exchange for appellant's guilty pleas, the state dismissed three felony offenses, four misdemeanor offenses, and the repeat violent offender specifications. The plea forms fully and clearly advised appellant of the sentences the trial court might impose, including the maximum sentences he could serve for OVI, failure to comply, and possession of fentanyl-related compound. Thus, there is no indication that appellant did not know "the actual sentencing possibilities" and "the consequences of his plea, including the maximum sentence he could actually serve, at the time" he entered his guilty pleas. *State v. Trem*, 8th Dist. Cuyahoga No. 101265, 2014-Ohio-4934, ¶ 8, 11.

{¶ 13} Furthermore, pursuant to App.R. 9(B), an appellant bears the burden of ensuring that the record necessary to determine the appeal is filed with the appellate court. *See State v. Williams*, 73 Ohio St.3d 153, 160, 1995-Ohio-275. Although appellant filed a transcript of the sentencing hearing, he did not file a transcript of his plea hearing. "When

portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). Without a transcript of the plea hearing, we have no choice but to presume the regularity or validity of the trial court's proceeding. *State v. Bowling*, 12th Dist. Butler No. CA2018-07-148, 2019-Ohio-751, ¶ 8.

{¶ 14} Appellant's first assignment of error is overruled.

{¶ 15} Assignment of Error No. 2:

{¶ 16} THE TRIAL COURT ERRED BY PROVIDING DEFENDANT INEFFECTIVE ASSISTANCE OF COUNSEL. (sic)

{¶ 17} Appellant argues he received ineffective assistance because his trial counsel represented he would receive minimum prison terms in consideration of his guilty pleas. Appellant further argues he received ineffective assistance at sentencing because his trial counsel did not argue for minimum prison terms or object to the disproportionality of the prison sentences imposed by the trial court.

{¶ 18} To prevail on an ineffective assistance of counsel claim, appellant must show his trial counsel's performance was deficient, and that he was prejudiced as a result. *State v. Clarke*, 12th Dist. Butler No. CA2015-11-189, 2016-Ohio-7187, ¶ 49; *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052 (1984). Trial counsel's performance will not be deemed deficient unless it fell below an objective standard of reasonableness. *Strickland* at 688. To show prejudice, appellant must establish that, but for his trial counsel's errors, there is a reasonable probability that the result of his trial would have been different. *Id.* at 694. The failure to satisfy either prong of the *Strickland* test is fatal to an ineffective assistance of counsel claim. *Clarke* at ¶ 49. Counsel is strongly presumed to have

- 5 -

rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *State v. Burns*, 12th Dist. Clinton No. CA2013-10-019, 2014-Ohio-4625, ¶ 7. It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." *Strickland* at 689.

{¶ 19} As stated above, the plea forms do not support appellant's claim he was promised minimum prison terms in consideration of his guilty pleas or that his trial counsel made such representation to induce him to plead guilty. The plea forms advised appellant of the potential maximum sentences the trial court could impose and acknowledged that no promises had been made except for those listed on the forms, to wit, the dismissal of the repeat violent offender specifications and remaining counts in the two cases. Again, in the absence of a transcript of the plea hearing, we have no choice but to presume the regularity or validity of the trial court's proceeding. *Bowling*, 2019-Ohio-751 at ¶ 8. *See also State v. Houseworth*, 6th Dist. Lucas No. L-07-1114, 2008-Ohio-874 (even assuming trial counsel made similar representation, there is no reasonable probability the outcome of the case would have been different as the trial court sentenced the defendant within the permissible statutory range).

{¶ 20} We further find that appellant did not receive ineffective assistance of counsel when his trial counsel failed to argue for minimum prison terms or object to the disproportionality of the sentences imposed by the trial court. The offenses of aggravated robbery and failure to comply were serious and their circumstances aggravated. Appellant used a weapon that looked identical to a .357 revolver, ultimately causing serious psychological harm to the Food Mart cashier. At the time of the aggravated robbery, a woman and her child were in the store. Appellant posed a risk of harm to himself, motorists, and others. Considering the foregoing, and given appellant's extensive criminal history and felony record, his failure to be successfully rehabilitated despite several opportunities, and

his history of alcohol and drug abuse, there is no reasonable probability that he would have been sentenced to shorter or minimum prison terms had counsel argued for minimum prison terms or objected to the disproportionality of the sentences imposed by the trial court. *See State v. Douglas*, 10th Dist. Franklin No. 09AP-111, 2009-Ohio-6659.

{¶ 21} Appellant's second assignment of error is overruled.

{¶ 22} Judgment affirmed.


S. POWELL and HENDRICKSON, JJ., concur.

- 7 -